## BOWDEN *v.* HATCHER.

Though no court is actually held at the appearance term of a case duly served, the defendant can file his plea at the time appointed by law for the court to convene, and he may file it as late as the following term ; and if judgment be rendered at the latter term, no plea having been filed or answer made, the judgment is not void, and cannot be attacked by affidavit of illegality. The defendant has had his day in court, and at most the judgment is only irregular.

May 15, 1889.

Illegality. Practice. Pleadings. Judgments. Before Judge HARRIS. Meriwether superior court. August term, 1888.

Reported in the decision.

J. M. TERRELL, for plaintiff in error.
B. F. McLAUGHLIN, *contra.*

BLECKLEY, Chief Justice.

This was an affidavit of illegality founded on the fact that judgment was rendered at the first term of the court actually held after the suit was brought. The

appearance term of the case was February term, 1887 ;
but for some reason that term of the court was not held,
and no court actually sat in the county until August
term of the same year. That was treated as the trial
or judgment term of the case, and judgment was ren-
dered accordingly. No exception was taken, but after
execution was issued and levied, an affidavit of illegality
was filed, making the question above indicated. The
illegality was overruled and the *fi. fa.* ordered to pro-
ceed.

The party had his day in court. He was warned to
appear and plead, and might have filed his plea to the
action at the appearance term, although the court was
not held. True, the code, §3452, says, "Where the de-
fendant has been served with petition and process as
provided by this code, he shall appear at the court to
which such process is made returnable, and on or be-
fore the last day of said court, shall make his defence
in writing," etc. But we think it would be a full com-
pliance with this statute to file the plea or pleas in the
clerk's office, and that the court need not be actually in
session to render a plea so filed available. Moreover, a
plea filed as late as the August term would have been
available. Even had the case been treated as in default
at that term, the default could have been opened. As
far as appears, no plea was filed at any time. And even
if it was error to render judgment at the August term,
it was mere error, and we think the party should have
taken advantage of it by bill of exceptions, or in some
other mode. What we rule is that the judgment was
not void, so as to make an affidavit of illegality avail-
able in resisting the execution founded upon it. If
there was a material defence, it should have been pre-
sented before the judgment was rendered, and the exer-
cise of any diligence would have prevented the loss of
such defence. The party has had his day in court, and

there was no error in overruling his affidavit of illegality. Code, §3671. No complaint is made that there was any defect in the service of the declaration and process, either in point of time or otherwise.

*Judgment affirmed.*