WADE v. WISENANT.

1. Where an affidavit of illegality was filed to an execution issuing from a justice's court, and when the case was called in that court the affiant failed to appear, the magistrate should have dismissed the illegality instead of trying the same *ex parte*.

2. Where two persons were sued in a justice's court, one of whom resided out of the county in which the suit was brought, the return of the constable that he had served this one with a copy of the summons, and that he waived jurisdiction, did not give the magistrate jurisdiction to enter judgment against him. Nor did the fact that he said to the constable that it was all right and he waived jurisdiction, give the magistrate jurisdiction over him.

December 23, 1890.

Justices' courts. Jurisdiction. Practice. Illegality.

Before Judge MILNER. Murray superior court. August term, 1890.

An execution in favor of Wisenant against James Stewart and J. C. Wade, which issued from a magistrate's court of the 824th district G. M. of Murray county, was levied upon the property of Wade. He interposed an affidavit of illegality on the following grounds: (1) He was never served with a copy of the summons, or other notice of pendency of the suit, and never by himself or any agent or attorney waived such service or notice, nor did he appear or plead to the suit. (2) When the suit was begun he was a resident of Whitfield county, and Stewart did not reside in Murray county, and so the court did not have jurisdiction to try the case, and there was no valid judgment against him.

The illegality came on in the magistrate's court, in its regular order, and plaintiff in *fi. fa.* announced ready. There was no appearance, either in person or by attorney, for the defendant Wade. The court proceeded to trial, and plaintiff introduced the original summons to Stewart and Wade, directing them to appear at the December term, 1886, of the court, the third Monday in December, and dated November 6, 1886. This summons had upon it an entry of service of a copy of the original upon the defendant Wade, "he waiving jurisdiction on the same," dated November 13, 1886, and signed by one Kenner, constable; also an entry of service on Stewart. Plaintiff also put in evidence the *fi. fa.* issued from the judgment, with an entry of the levy thereon, and the justice's court docket on which the judgment was entered, and a copy of the entries of the constable as to service. Plaintiff also introduced the constable, who testified that he served Stewart and Wade with copies of the original summons, and that Stewart lived at the time in the district

in which the suit was brought, and Wade lived in
Whitfield county; that when he handed Wade the
summons he told Wade that he had a summons for
him, telling him of the case, and Wade said that it
was all right and he would waive all question as to
jurisdiction. The court then rendered judgment over-
ruling the illegality. To this judgment Wade excepted
by *certiorari,* alleging that the case ought not to have been
tried, but that the court should either have continued
it or dismissed the affidavit of illegality. Upon hearing
the *certiorari* in the superior court it was dismissed, and
to this ruling Wade excepted.

MADDOX & LONGLEY, by brief, for plaintiff in error.
TRAMMELL STARR and R. J. McCAMY, *contra.*

SIMMONS, Justice.

The facts in this case will be found in the official re-
port. Under those facts the trial judge erred in dis-
missing the *certiorari.* The evidence shows that at the
time the suit was brought in the justice's court, Wade
resided in Whitfield county, and not in Murray county
where the suit was brought. His affidavit of illegality
set up that he was never served with said suit nor did
he appear and plead thereto. When the illegality was
called for trial in the justice's court and Wade failed to
appear, the magistrate should have dismissed his ille-
gality instead of trying the same *ex parte.* The evi-
dence disclosed on the *ex parte* trial showed that Wade
was never legally summoned to appear in the original
suit. The constable's return that he had served Wade
with a copy of the summons and that Wade waived
jurisdiction, did not give the magistrate jurisdiction to
enter up a judgment against Wade. Nor did the fact
that Wade said to the constable that it was all right
and he waived jurisdiction, give the magistrate juris-
diction over him, he not residing in the district or county
where the justice's court was held. Nor was that part

of the constable's return as to what Wade said as to waiving jurisdiction, sufficient to bind him. The magistrate having tried the case in Wade's absence, and this being the only evidence before him as to jurisdiction, he erred in overruling the illegality and in ordering the execution to proceed, and the trial judge should have sustained the *certiorari*.          *Judgment reversed.*