### FRANK & COMPANY *v.* HORKAN, and *vice versa.*

SIMMONS, C. J.    1. The death of a prominent member of the bar shortly before the time for convening a term of a court governed by the same laws and rules of pleading, practice, and procedure as the superior court, is not such cause as will legally authorize the judge in vacation to adjourn the term of the court. Civil Code, §§ 4342–4344; *Hoye* v. *State*, 39 *Ga.* 718.

2. Where a judge in vacation passed an illegal order adjourning the next term of court, and, in accordance with such order, that term was not held at the regular time, in a case in which such term was the appearance term the

defendant may file his plea or answer as late as the following term of the court or at any time prior thereto. *Bowden* v. *Hatcher*, 83 *Ga.* 78.

3. Where the May term of the court was the appearance term of the case, but was illegally adjourned until June, at which time the defendant filed his answer, the next regular term of the court being in August, such answer was in time. It was therefore erroneous for the court, several terms later, to strike such answer as having been filed too late ; and the court properly corrected this error when, on the same day, the defendant was allowed to refile his answer.

4. Questions not referred to in the brief for the plaintiff in error will be treated as abandoned.

*Judgment on main bill of exceptions affirmed ; cross bill dismissed. All the Justices concur.*

Argued December 17, 1904. — Decided January 30, 1905.

Complaint.    Before Judge Griffin.    City court of Moultrie. August 5, 1904.

*Dessau, Harris & Harris* and *J. A. Wilkes*, for plaintiffs.  ·
*John D. Pope* and *Shipp & Kline*, for defendant.