9533.   WALKER *v.* O'CONNOR.

1. The death of a member of the bar employed as counsel in a majority of the cases pending in the superior court of a county is not such cause as will authorize the judge in vacation to order an adjournment of the next regular term of the court.

(*a*) A request by counsel for an adjournment of a term of the court to a stated time to which it can be legally adjourned is not to be treated as a consent to adjournment in a manner not authorized by law, and will not estop him from objecting to the trial of a case at that time, where the judge's order providing for adjournment to that time is issued at a time or in a manner not authorized by law.

2. Under the provisions of the code as to special terms of the superior court (Civil Code of 1910, § 4876), the judge was authorized to pass an order, on the day illegally set for the convening of an adjourned term, providing for the convening of a special term on that day, and requiring the attendance of the jurors drawn for the preceding regular term, those jurors being present when this order was passed.

3. The affidavit of illegality having been filed before the time for the preceding regular term, the case stood for trial, and, counsel for the affiant being present and declining to try the case when it was called for trial at the special term, the court did not err in dismissing it for want of prosecution.
                              DECIDED NOVEMBER 8, 1918.

Affidavit of illegality; from Dade superior court—Judge Tarver. November 19, 1918.

The exceptions are to the dismissal of an affidavit of illegality. The affidavit was filed in April, 1917, and the time fixed by law for the commencement of the next regular term of the superior court to which the case was returnable was the third Monday in September, 1917. No term of the court was held at that time, an adjournment to November 11, 1917, having been previously ordered by the judge in vacation, for the reason stated in the following

opinion. On the day thus set, the judge, in an order reciting that there was some question as to the legality of the adjournment, provided for the holding of a special term on that day, and required the attendance of the jurors who had been drawn for the September term, and who were present when this order was passed. The case was afterwards called for trial on the same day, and counsel for the affiant objected, as follows: "Affiant insists that this court can not legally at this time try this illegality, an illegality, under the law, being triable only at the next regular term of the court after the same has been filed and returned; affiant insisting that this court can not at this time legally try either the questions of law or the questions of fact raised under the illegality." The bill of exceptions states that "counsel for affiant having declined to try said illegality, the court dismissed the same for want of prosecution;" and this is assigned as error, for the following reasons: 1st. Because the regular September term, 1917, of said court was illegally adjourned. 2d. Because an illegality filed to an execution can only be tried at the next regular term after filing. 3d. Because the court did not summon, or cause to be summoned, new jurors for the special term, nor did the court compel the attendance of jurors who had served at the last regular term, as the law requires."

*Martin G. Smith,* for plaintiff in error.

*W. E. Wilkinson, McClure, Hale & McClure,* contra.

WADE, C. J. 1. The death of a prominent member of the bar shortly before the time for convening a term of the superior court is not such cause as will legally authorize the judge in vacation to adjourn the term. Civil Code (1910), §§ 4873-5; *Hoye* v. *State,* 39 *Ga.* 718; *Frank* v. *Horkan,* 122 *Ga.* 38 (49 S. E. 800). See also *Osgood* v. *State,* 63 *Ga.* 791, 792; *Allen* v. *State,* 74 *Ga.* 769. The judge of Dade superior court issued an order in vacation, September 11, 1917, adjourning the next regular term of that court from the third Monday in September, 1917, to the third Monday in November, 1917, upon the unanimous petition of the bar of the county, setting forth that one of its members, who was of counsel in a majority of the cases pending in the court, had died a few days before; to which petition counsel for the plaintiff in error in this case was a party; and by virtue of this order alone the adjournment of the court on the third Monday in September

was attempted in the absence of the judge. Under the provisions of the Civil Code (1910), §§ 4874, 4875, the adjournment was unlawful; and the fact that counsel for plaintiff in error had joined in the request that the regular term be adjourned to a later date did not estop him from raising the objection, when the court convened at the time fixed by the order of adjournment, that the adjournment was irregular and illegal; for it cannot be assumed that counsel consented to an *illegal* adjournment, but, on the contrary, the request may be treated as a request and agreement that the court be adjourned *legally*,—as, for instance, by the judge in person on the first day of the regular term.

2. The order of adjournment directed that the jurors drawn for the regular September term should appear and serve at the adjourned term to be held on the third Monday in November, and they were actually present in the court on the day and hour set. It appears from the bill of exceptions that on the 19th day of November, 1917, (the day to which it was attempted to adjourn the September term), "before the court had convened and before the grand jury had been sworn, and before the case of J. T. Walker *v.* J. J. O'Conner" had been called, the judge passed an order reciting that some question had arisen as to the legality of the adjournment of the regular September term from the third Monday in September, 1917, to the third Monday in November, 1917, and that it further appeared that the business of the court necessitated the holding of a term thereof at that time, and ordered that the said superior court convene on the said 19th day of November, 1917, at 10 o'clock, a. m., for the purpose of dispatching all business therein or which might be brought to the attention thereof, and that for that purpose the grand and traverse jurors regularly drawn and summoned to the September term, 1917, should be in attendance for the purpose of serving as grand and traverse jurors at the said term commencing on the third Monday in November, 1917. The jurors, being actually then and there present in court, and being the jurors drawn for the previous regular term, were lawful jurors under the provisions of the Civil Code, § 4876, and under the terms of the order passed by the presiding judge requiring them to serve at the special term. Penal Code, § 880. The regular September term, not having been held at the time fixed by law, or legally adjourned to a subsequent date, had ended by operation of law before the special term was called, and the jurors

drawn for the said regular September term were therefore at the date of the special term jurors "of a previous term."

3. Counsel for the plaintiff in error being present at the special term of court and declining to try the case made by the affidavit of illegality interposed by his client, the court did not err in dismissing the case, for want of prosecution. The affidavit of illegality was filed in April, 1917, and the case stood for trial at the next regular term after the filing of the affidavit, or at any subsequent term. Civil Code (1910), § 5307.

*Judgment affirmed. Jenkins and Luke, JJ., concur.*