22052. HERRINGTON *v.* MOORE, executrix.

DECIDED JULY 29, 1932. REHEARING DENIED AUGUST 20, 1932.

*Guy Alford, Alfred Herrington Jr.,* for plaintiff in error.
*R. L. Williams Jr.,* contra.

JENKINS, P. J. This case arose upon an affidavit of illegality, based upon the ground that the fi. fa. was paid in full after the rendition of the judgment. The trial judge entered the following order in open court: "This case coming on regularly for trial and the plaintiff in fi. fa. announcing ready and the defendant in fi. fa. failing to proceed, the burden being upon him, it is ordered, considered, and adjudged that said within affidavit of illegality be dismissed, and same is dismissed for want of prosecution." To this judgment exception is taken.

It is a general rule that upon the trial of an affidavit of illegality the burden is upon the plaintiff in fi. fa. to make a prima facie case by putting in evidence an execution, fair on its face, and a legal levy thereon (*James* v. *Edward Thompson Co.,* 17 *Ga. App.* 578 (2), 87 S. E. 842); but where an affidavit of illegality contains allegations of fact merely setting up affirmative defenses, in the

nature of confession and avoidance, upon issue being joined the burden of establishing them rests on the affiant. *Thompson* v. *Fain,* 139 *Ga.* 310 (77 S. E. 166). In order to obtain in this court a reversal of a judgment, the burden is upon the plaintiff in error to show both error and injury. *Dillin* v. *United Roofing & Supply Co.,* 34 *Ga. App.* 316 (3), 319 (129 S. E. 573). Under the recitals of fact in the bill of exceptions and the record in this case, it must be assumed that issue had been joined by the plaintiff upon the affirmative allegation of payment, contained in the affidavit of illegality, and that the plaintiff in fi. fa. announced ready for trial, but the defendant in fi. fa. either failed to appear (*Wade* v. *Wisenant,* 86 *Ga.* 482, 12 S. E. 645), or else, being present, failed to announce ready, and thus declined to proceed with the trial. *Walker* v. *O'Connor,* 23 *Ga. App.* 22 (3) (97 S. E. 276). In either event, dismissal of the affidavit of illegality was proper. Even were it to be assumed that, upon the filing of the sole ground of affirmative defense that the fi. fa. under which the levy was made had been paid since the rendition of the judgment, it was still incumbent upon the plaintiff to show a prima facie case by proving the fi. fa. and the levy, there is nothing in the record to indicate that the affidavit was dismissed because the defendant declined to assume the burden still resting upon the plaintiff, since the order recites that the plaintiff announced ready for trial and the defendant failed to proceed therewith. The order indicates, not that the defendant failed to assume the burden, but that he was either absent or refused to go on trial.

> *Judgment affirmed. Stephens and Sutton, JJ., concur.*

### ON MOTION FOR REHEARING.

By a motion for rehearing the plaintiff in error suggests a diminution of the record, and attaches to his motion a copy of the affidavit of illegality filed by the plaintiff in error in the court below, a copy of the traverse of the affidavit of illegality, and a copy of exceptions pendente lite filed by plaintiff in error to the rulings of the court denying a continuance of the case. There was no motion for a new trial, and the only assignment of error in the original bill of exceptions was on the judgment, quoted in full in the original opinion, dismissing the affidavit of illegality. In the original bill of exceptions there was no reference to the ruling excepted to in the exceptions pendente lite, and no error was assigned in the main

bill of exceptions, either upon the exceptions pendente lite, or upon the rulings therein excepted to. Consequently, even had the exceptions pendente lite been included in the original record, no consideration could have been given to the question there raised. *Alexander* v. *Chipstead,* 152 *Ga.* 851 (111 S. E. 852) ; *Coleman* v. *State,* 43 *Ga. App.* 350, 351 (158 S. E. 627), and cit. Manifestly the question made by the exceptions pendente lite can not now be considered.

While the affidavit of illegality might indicate that the plaintiff in error had a meritorious case, assuming that the allegations of fact therein were true, the record entirely fails to disclose any error on the part of the court in dismissing it. Indeed, the additional facts stated in the motion for rehearing and the exhibits attached thereto tend rather to show that the ruling of the court was proper than to show that it was error. According to the showing now sought to be made, the defendant in fi. fa. was not present in court at all, although represented by counsel. The court overruled a motion to continue on account of the absence of the defendant in fi. fa., and ordered the case to trial. Thus the record, of which amendment is now sought, indicates that issue was actually joined by the plaintiff in fi. fa. upon the affirmative allegation of payment made in the affidavit of illegality, that the plaintiff announced ready, and that the defendant in fi. fa. failed to proceed. In these circumstances, even assuming that it was necessary for the plaintiff in fi. fa. to make out a prima facie case in view of the affirmative defense set up by the affidavit of illegality (*James* v. *Edward Thompson Co.,* supra), it was not necessary for the court to require him to do so before dismissing the affidavit of illegality upon the defendant "failing to proceed," as the order of the court recites.

*Rehearing denied.*