31142.   CAIN *et al.* *v.* DIXIE TRADING COMPANY.

DECIDED FEBRUARY 8, 1946.

G. A. *Johns, J. N. Rainey,* for plaintiffs in error.
*Joseph D. Quillian,* contra.

Sutton, P. J. (After stating the foregoing facts.) ■ Special ground 1 of the motion complains that the court erred in admitting in evidence the bill of sale sought to be foreclosed, over the objections of the defendants: (1) that there was no proof of the execution of the instrument offered, a plea of material alteration by the plaintiff after signing having been filed; and (2) the instru-

ment shows on its face that it is subject to a prior lien on the property described therein, and there is no proof that the senior lien had been paid.

The defendants, in their affidavit of illegality, admitted the execution of the instrument sought to be foreclosed, but alleged that it had been materially altered, after they signed it, by someone inserting therein the property described, with the intent to defraud them. The bill of sale had been duly recorded, and the alleged alteration did not appear from the face of the paper. In these circumstances, it was not incumbent on the plaintiff to offer evidence as to the execution of the bill of sale before it could be introduced in evidence, but the burden was on the defendants to show that the instrument, though apparently unaltered, was materially different from the paper they signed. *Craig* v. *National City Bank of Memphis,* 26 *Ga. App.* 128 (2) (105 S. E. 632); *Hamby* v. *Crisp,* 48 *Ga. App.* 418, 421 (a) (172 S. E. 842).

(a) Where an affidavit of illegality contains allegations of fact in the nature of affirmative defenses, upon the issue being joined, the burden of establishing them is on the affiant. *Herrington* v. *Moore,* 45 *Ga. App.* 636 (165 S. E. 867); *Thompson* v. *Fain,* 139 *Ga.* 310 (2) (77 S. E. 166).

The following order appears from the record: "On motion of defendants, the above levy is dismissed as to all property described in this levy except the Tudor Sedan Plymouth automobile, which remains subject to the levy, upon the grounds that the levy on all other property named was made while title thereto was out of S. W. Cain and Mrs. S. W. Cain and in the U. S. of America, and it is further ordered that the said property is hereby released from the levy and from the bond given to replevy same. This Nov. 26, 1941. Clifford Pratt, Judge Barrow Superior Court." The only property involved in the present proceeding is the Tudor Sedan Plymouth automobile; and it does not appear from the face of the bill of sale that there was any prior or other lien against the automobile described therein.

Therefore it was not error for the court to admit the bill of sale in evidence over the objections interposed thereto.

■ It is alleged in special ground 2 that, while the defendant, S. W. Cain, was being examined as a witness by counsel for the defendants and was testifying that he and the other defendant, Mrs.

S. W. Cain, were married and living together as husband and wife at the time of the execution of the note sought to be foreclosed, the court stated, in the presence of the jury, "Well, gentlemen, I think a great deal of proof is being offered that is not necessary;" it being contended that this was an expression on the part of the court as to what had been proved and the value of the evidence. Counsel for the defendant in error contends that, on the trial, it had been conceded by him as counsel for the plaintiff that the defendants were married and living together as husband and wife when the bill of sale was executed by them, and there was no issue before the court and jury as to that fact. It was alleged in the affidavit of illegality that Mrs. S. W. Cain was the wife of the other defendant and could not bind herself or her separate property by becoming surety for her husband. The judge charged the jury in this respect: "You are instructed that under the admissions and stipulations, insofar as Mrs. Cain is concerned, your verdict will be in her favor as to the debt in this case and against the plaintiff. That is, you are instructed that, . . under the law and the evidence and admissions . . she is not liable for the payment of the debt sued on in this case, in any event." The jury found in favor of Mrs. Cain as to the indebtedness. No error is shown by this ground of the motion.

It is contended in special ground 3 that the judge erred in that he intimated and expressed an opinion in the presence of the jury as to what had been proved, in ruling on the admissibility of the testimony of S. W. Cain to the effect that the title to the Plymouth automobile was in Mrs. S. W. Cain when the bill of sale was executed, when the judge limited the use of this evidence for the purpose of shedding light on whether or not the description of the property was in the bill of sale when it was executed. However, the record shows that he changed his ruling in this respect, after the affidavit had been amended by alleging that the title to the automobile was in Mrs. S. W. Cain when the bill of sale was executed, and stated that he would then allow the defendants to offer evidence that had been previously ruled out as to the title and ownership of the automobile at the time of the levy and the execution of the bill of sale. This action cured any alleged error in the former ruling in this respect. Consequently, the plaintiffs in error do not show any harmful error in this ground.

462

■ It is contended by counsel for the plaintiffs in error, in a supplemental brief filed after the hearing of the case in this court, that the judgment should be reversed on the general grounds, for the reason that the execution issued upon the foreclosure of the bill of sale was not introduced in evidence by the defendant in error, and consequently the plaintiff in fi. fa. failed to sustain the levy and make out a case.

When a fi. fa. has been levied, and an affidavit of illegality and bond have been delivered to the levying officer, it shall be the duty of such officer to return the execution, affidavit, and bond to the next term of the court from which the execution issued; and where the facts contained in the affidavit are controverted by the plaintiff, the issue shall be joined and tried by a jury. Code, § 39-1006. For the purpose of trying the issue in such a case, the fi. fa. with the entry of levy and the affidavit of illegality constitute the pleadings. The fi. fa. being a part of the pleadings, need not be formally introduced as evidence upon the trial of the affidavit of illegality. *Montgomery* v. *Nunnally,* 43 *Ga. App.* 93 (3) (157 S. E. 911); *Miller* v. *Perkerson,* 128 *Ga.* 465 (57 S. E. 787); *James* v. *Cooledge,* 129 *Ga.* 860 (60 S. E. 182); *Dever* v. *Akin,* 40 *Ga.* 423, 429.

The verdict for the plaintiff was authorized by the evidence, and the court did not err in overruling the motion for a new trial.
*Judgment affirmed. Felton and Parker, JJ., concur.*