### 311.　PALMER *v.* INGRAM.

1. The following assignment of error did not sufficiently comply with the requirements of the Civil Code, § 5527: "On the trial of said case the following order was granted, to wit: 'On motion of plaintiff's counsel, the foregoing answer is dismissed in open court, October 31. 1906. Frank L. Little, Judge City Court of Sparta'—which said order so granted on verbal motion of plaintiff's counsel was error." An assignment of error must not only plainly specify the decision complained of, but must point out the error in such decision.

2. In suits for unliquidated damages, notwithstanding the absence of plea or answer, the plaintiff shall be required to prove the amount of damages.

3. In a suit to recover damages for the breach of a contract by which the defendant agreed to rent to the plaintiff a farm for one year for a stipulated sum to be paid as rental, the measure of damages for not admitting the plaintiff into possession at the beginning of the term is the difference between the rent to be paid and the actual rental value of the premises at the time of the breach.

4. In this case it was error to allow as damages the difference in the stipulated rent and the gross value of the products of the farm for the year of the lease, without any deduction for cost of production.

Action for breach of contract, from city court of Sparta—Judge Little.    October 31, 1906.

Submitted May 2,—Decided June 26, 1907.

*T. M. Hunt, R. H. Lewis,* for plaintiff in error.

*H. H. Little, W. H. Burwell,* contra.

HILL, C. J.    The plaintiff below brought suit to recover damages for a breach of a written contract by which the defendant agreed to rent her a certain described farm for the year 1905 at a stipulated rental of 1,500 pounds of midland lint cotton.    By consent the case was tried by the court without the intervention of a jury. On motion by the plaintiff, the court dismissed the answer of the defendant, and, after hearing evidence and argument, rendered judgment for the plaintiff for the sum of $423.25, besides interest and costs.    The defendant (now plaintiff in error) assigns error on the judgment dismissing her answer, and also excepts to the judgment against her for said sum, because said judgment was "contrary to law and evidence, and without evidence to support it."

The judgment dismissing the answer was as follows:    "On motion of plaintiff's counsel, the foregoing answer is dismissed in open court, October 31, 1906.    Frank L. Little, Judge City Court of Sparta."    And the exception to this order is in the following words:    "Which said order so granted on verbal motion by plaintiff's counsel was error."    The defendant in error objects to this assignment of error, on the ground that it does not specify plainly the decision complained of or point out the error in the decision. We think this objection is well taken, and that this assignment of error does not comply with the requirements of the Civil Code, §5527, which declares that every bill of exceptions "shall specify plainly the decision complained of and the alleged error."    *Warren v. Oliver,* 111 *Ga.* 808, 35 S. E. 673.

Notwithstanding the fact that this left the case without plea or answer, the burden was still upon the plaintiff to prove her damages, as the damages claimed were unliquidated.    Civil Code, §§5073, 5078.    She introduced her lease, and proved its breach by the defendant, and also proved what had been made on the farm during the year covered by her contract.    The court awarded her

damages for the full amount so proved, less the amount of rent that she had stipulated to pay. In other words, the court allowed her the gross amount of what was made on the farm, without any deduction for the value of the labor and cost necessary to be bestowed in making the amount, only deducting therefrom the amount that she had agreed to pay for the rent of the farm. We think that the measure of damages thus adopted by the court was improper, and entirely too liberal to the plaintiff. Mr. Chief Justice Bleckley, in *Kenny* v. *Collier,* 79 *Ga.* 746, 8 S. E. 60, speaking for the court, says: "The measure of damages for not admitting a lessee or tenant into possession at the beginning of the term is the excess in the value of the term over the amount stipulated as rent. This is the general rule." And he further says that this general rule "confines the recovery to profits arising from the contract itself, the measure of which is the difference between cost and value.. If there be no difference, or if cost be in excess of value, nominal damages only will be recoverable." The plaintiff in this case was entitled to recover, if the evidence justified it, the difference in the market value of her lease for the year and the amount which she had agreed to pay for it. If the stipulated price was in excess of the market value of the lease, she could only recover nominal damages for the breach. The only proof submitted was as to the gross value of what had been produced on the farm during the year that the plaintiff was entitled to the farm under her contract; and the court gave her as damages the difference between this gross amount and the stipulated rent. This measure of damages would make it far more profitable to tenants that landlords should break their leases at the beginning of the term than that they should keep them. Evidence of the net proceeds of the crop made on the farm was used as illustrative of what was the true market value.

*Judgment reversed.*