## 1964. HUNT v. CENTRAL OF GEORGIA RAILWAY CO.

1. A non-negligent act, even though the proximate cause of an injury, will not impose liability on a railroad company as to a licensee who, while standing near the track, is injured by a passing train.
2. Where, in a suit against a railroad company, the evidence showed that the plaintiff was injured while standing near a platform not owned by the defendant, upon which was a pile of lumber, one piece of which was projecting over the track, which piece was struck by a passing train, causing it to fly out and hit him, it was misleading to charge the jury that if the plaintiff "had an equal opportunity with the defendant of knowing the location of said piece of timber or board, then I charge you that the plaintiff would not be entitled to recover." Where it appears from the entire charge and record, however, that the complaining party was not injuriously affected by the giving in charge of this principle, and no other error appears in the record, a new trial will not be granted.
3. The investigation was full and fair, the trial free from material error, and the verdict is amply supported by the evidence.

Action for damages; from city court of Macon—Judge Hodges. May 15, 1909.

Argued July 19, 1909.—Decided February 10, 1910.

*Joseph H. Hall, Warren Roberts, Persons & Persons,* for plaintiff in error. *Wimberly & Jordan,* contra.

RUSSELL, J. Hunt sued the railroad company for personal injuries. He was standing near a sidetrack, adjacent to which was a platform connected with a dry kiln of the Central Manufacturing Company. The sidetrack ran alongside the platform, and was used for cars in loading and unloading lumber. Hunt, who was an employee of the Central Manufacturing Company, had started across the sidetrack to deliver a message to a fellow workman standing on the opposite side, conversing with the conductor. He halted near the sidetrack and the platform to let a switch-engine and some cars pass by. On the platform was a pile of lumber, placed there by the Central Manufacturing Company, one piece of which was projecting beyond the platform, over the sidetrack. The front car hit this projecting end and caused the other end of the piece of lumber to fly out and hit the plaintiff, breaking his arm. Neither the plaintiff nor any of the employees of the defendant saw the projecting piece of lumber in time to avoid the injury. The record fails to disclose how long the piece of lumber had been in its position; but some of the employees of the Central Manufacturing Company were working on the platform a few hours before the

injury. The jury returned a verdict in favor of the railroad company. The plaintiff excepts to the overruling of his motion for a new trial.

1. The general grounds and the first four grounds of the amendment to the motion for a new trial raise the single question whether the verdict is contrary to law and without evidence to support it. The judge charged the jury that if the striking of the plank was negligently done by the railroad company, that act would be regarded as the proximate cause of the plaintiff's injury, and not the placing of the plank on the platform. It is contended that if this be a correct statement of the law, the verdict is contrary to law, because the undisputed evidence shows that the striking of the plank was the proximate cause of the injury. But the jury were not required by the evidence to find that the striking of the plank was done negligently. The fact that the striking of the plank was the proximate cause of the injury would not of itself alone impose liability, unless the act itself was negligent. The jury found that the railroad company had not been guilty of negligence, even though it set in motion the immediate cause of the injury.

The case of *Western & Atlantic R. Co.* v. *Bailey,* 105 *Ga.* 100 (31 S. E. 547), is not in point. In that case the engineer saw a trespasser on the track in time to stop the train and avoid injuring him, but nevertheless ran the train at a reckless and illegal rate of speed and hit the trespasser, thereby throwing his body against the plaintiff and inflicting the injuries for which suit was brought. It was held that the proximate cause of the injury was the act of the engineer in recklessly running the engine at an illegal rate of speed and hitting the trespasser. That case is similar in principle to the leading case of Scott *v.* Shepherd, 2 Wm. Bl. 892, 3 Wils. 403, in which it was held that Shepherd was liable to Scott for injuries inflicted by the throwing of a lighted squib into a crowd. The squib hit A, who involuntarily brushed it aside on to B, who likewise knocked it away from himself, and it hit Scott, at which time it exploded. It was held that the proximate cause of the injury was Shepherd's negligent act in throwing the squib against A. He who has committed a tort can not escape liability because there has intervened an innocent agency precipitating the negligence into injury. But the principle of those cases is not applicable to the case at bar. If the suit was against the Central Manufacturing

Company, which had placed the plank on the platform, and it was shown that it had been negligently placed there, that company might be liable to the plaintiff, even though the immediate cause of his injury was the non-negligent act of the railroad company in striking the plank.

2. It is contended that the judge erred in charging the jury as follows: "If you believe, from a consideration of the evidence, that the plaintiff had an equal opportunity with the defendant of knowing the location of said piece of timber or board, then I charge you that the plaintiff would not be entitled to recover." This instruction was inapt and misleading. The judge had already charged that the degree of care owing by the defendant to the plaintiff was ordinary care, and had also instructed the jury that the plaintiff was required to use ordinary care for his own protection. We are unable to perceive just why he added the sentence to which exception was taken. After an examination of the entire record, however, we are convinced that this slight error (the only one appearing in the record) did not affect the plaintiff injuriously, and, for that reason, it does not of itself authorize the grant of a new trial.

3. The other grounds of the motion assign error on excerpts from the judge's charge, for the reason that they were irrelevant and immaterial. We have carefully examined these grounds and are of the opinion that the criticism is not well taken. Furthermore, a new trial will not be granted merely because the judge has given in charge a correct abstract principle of law which is not relevant to the issues involved in the case on trial. It must further appear that the giving of the irrelevant principle harmed the complaining party.

The trial was fair, and the record does not disclose any reason for the granting of a new trial.        *Judgment affirmed.*