FOWLER, administrator, *v.* WOOD.

1. A bond for title contained the usual formal parts and the recital that "The condition of the obligation is such that whereas the above bound [obligor] has this day agreed to sell the said [obligee] a certain tract or parcel of land lying and being in the 1397th and 562nd dists. G. M., and bounded as follows: [by lands of coterminous owners], containing 242-1/2 acres, at $12.50 an acre, and known as the W. C. Williams place, for the sum of $3,031.25, and has given his promissory notes dated Sept. 4th, 1906, and due as follows:" the dates upon which the notes fell due being set forth. In defense to a suit on the notes, the obligee in the bond pleaded that there was a deficiency in the acreage, and that the land described by boundaries contained 18-7/8 acres less than had been represented by the agent of the vendor that it contained, and asked a proportional abatement of the purchase-price represented by the promissory notes sued on. The plaintiff, the administrator of the

cbligor named in the bond for title, contended that the sale of the land was by the tract and not by the acre. *Held*, construing the entire instrument, that the sale was by the acre; and that being true, the defendant was entitled to a proportional abatement of the purchase-price.

2. There was no error in the charge of the court complained of.

MAY 17, 1912.

Complaint.　Before Judge Brand.　Gwinnett superior court. May 1, 1911.

*I. L. Oakes,* for plaintiff.　*O. A. Nix,* for defendant.

BECK, J.　The plaintiff in error, Fowler, administrator upon the estate of Williams, brought suit upon certain promissory notes against Wood, the defendant in error.　The defendant in his plea admitted the execution of the notes, their delivery to the plaintiff, and the ownership of the latter, but contended, among other defenses, that the notes were given for the purchase-price of a certain tract or parcel of land; that at the time of the execution of the notes a bond was delivered to him, conditioned to make title to the land upon the payment of the notes.　The bond for title was as follows, omitting the formal parts and the recital of the penal sum: "The condition of the obligation is such that whereas the above bound W. C. Williams has this day agreed to sell the said E. V. Wood a certain tract or parcel of land lying and being in the 1397th and 562nd dists. G. M., and bounded as follows: adjoining lands of Mrs. S. E. Cain, A. J. Crane, J. W. Roebuck, Isaac Duncan, J. C. Pool, G. W. Martin, J. S. Hardy, G. W. Hardy, Mrs. Holman, containing 242-1/2 acres, at $12.50 an acre, and known as the W. C. Williams place, for the sum of $3,031.25, and has given his promissory notes dated Sept. 4th, 1906, and due as follows: [reciting the dates of each note].　Now if the said E. V. Wood shall well and truly pay the said several sums of money at the time or times specified, then the said W. C. Williams is bound to execute to the said E. V. Wood or assigns a good and sufficient title to the aforesaid tract of land; but on failure of the said E. V. Wood to pay the aforesaid sums of money or either of them at times specified, then the obligation to be void and of no effect."　Defendant alleged that upon a survey of the land described it was found to contain 223-2/3 acres, or about 18-7/8 acres less than it had been represented to contain, and insisted that he was entitled to a proportional abatement of the purchase-price.　The jury returned a ver-

dict in favor of the defendant, and the plaintiff's motion for a new trial was overruled.

1. Construing the entire instrument together, we are of the opinion that the bond for title set out in the statement of facts shows a sale of land by the acre; and that being true, the defendant was entitled to an abatement of the purchase-price proportionally to the deficiency in acreage.

2. Exception is taken to the following charge of the court: "But at last, considering the whole case, all that occurred, the burden rests upon the plaintiff to satisfy you of his right to recover in the case." Immediately preceding this instruction the court had charged the jury as follows: "Under his plea the defendant admits what is known as a prima facie case. He assumes the burden of establishing his right to prevail on account of the allegations set up in his plea; that is to say, he admitted the plaintiff was the owner and holder of the notes and had a right to recover upon them, unless he could show he didn't have the right. When he did that, at that point the plaintiff was entitled to recover in this case before any evidence was introduced; then the plaintiff, Fowler, was entitled to recover the full amount appearing to be due upon these notes, principal, interest, and attorney's fees. At that point defendant takes up the issue and undertakes to show, as he contends, that he is not entitled to recover that amount, for the reasons stated to you awhile ago and set forth in his plea. Then he assumes the burden at that point to establish his contention. The burden of proof in the beginning was upon the plaintiff, and when he made this admission it was shifted to the defendant." We do not think this charge was error. While the defendant in the case, by admitting the execution, delivery, and ownership of the notes, had shown a prima facie case in favor of the plaintiff, and had thereby assumed the burden of proof and obtained the right to open and conclude, as the case developed under the evidence the burden finally rested upon the plaintiff "to satisfy the jury," in the language of the court's charge, "of his right to recover in the case." When the bond for title was introduced in evidence by the defendant, it showed upon its face, as we have ruled above, that the sale of the land was by the acre, and that the defendant was entitled to an abatement of the purchase-price proportionally to the deficiency in acreage. The plaintiff contended that the words "at

$12.50 an acre" were not in the bond for title when it was delivered to the defendant, the obligee in the bond; the defendant insisted that those words were in the bond. The plaintiff introduced evidence to show that the bond had been altered by the insertion of this very material stipulation. It not appearing from the record that the bond bore internal evidence of any alteration, prima facie upon its production the case stood in favor of the defendant. Whether the bond had been changed or not in the respect indicated was the controlling question in the case under the evidence, and the right of the plaintiff to recover depended upon his showing that the words "at $12.50 an acre" had been inserted in the bond after its delivery to the defendant. This was the vital, controlling issue upon which the plaintiff's case rested, and as to this controlling question the burden of proof was upon the plaintiff. So, in the language of the court's charge, "at last, considering the whole case, all that occurred, the burden rested upon the plaintiff to satisfy the jury of his right to recover in the case."

The court submitted to the jury for their determination the question as to whether the sale of the land was by the tract or by the acre. This affords the plaintiff in error no ground of complaint, as the court was authorized to instruct the jury, under the bond for title as it appeared to be written, that the sale was by the acre.        *Judgment affirmed. All the Justices concur.*