## 7168.   DAWSON v. THE STATE.

RUSSELL, C. J.   1.   Upon a review of the entire charge of the court it is plain that the language used in the excerpt from the charge, to which exceptions are taken in the first ground of the amendment to the motion for a new trial, could not have impressed the jury with the idea that the court was presenting a contention of the defendant.   It was merely in explanation of the court's subsequent instructions as to the defendant's defense of justification, and as introductory thereto, that the court stated to the jury that "on a trial for an assault or assault and battery, the defense may give in evidence any opprobrious words used by the person assaulted, and such language may or may not amount to a provocation, according to the nature and extent of the battery, all of which shall be determined by the jury."   In the state of the record (there being testimony as to opprobrious words used by the defendant), the court's reference to the subject of opprobrious words merely differentiated the principle therein referred to from the defense of actual self-defense, presented by the defendant, and was rather favorable to the accused than otherwise.   See *Hunt* v. *Central Ry. Co.*, 7 *Ga. App.* 375 (2), 377 (66 S. E. 1039).

2. In the absence of an appropriate and timely request for more specific instructions, the charge of the court is not subject to exception upon the ground that the law of self-defense was not adequately presented, or upon the ground that there was a failure to present the defendant's contention that he was assaulted with a knife by the prosecutor before he made an assault upon the prosecutor.

3. The evidence authorized the verdict, and there was no error in refusing a new trial.                                              *Judgment affirmed.*

DECIDED MAY 26, 1916.

Accusation of assault and battery; from city court of Polk county—Judge John K. Davis.   December 6, 1915.

*Irwin & Tison*, for plaintiff in error.

*J. A. Wright, solicitor,* contra.