8882. PEARCE v. SWIFT & COMPANY FERTILIZER WORKS.

JENKINS, J. 1. Assuming that the contract of suretyship or accommoda-tion indorsement sued on should be taken as having been signed in blank, a plea merely denying all liability thereunder, without showing any bona fide reason why the indorsement was entered for a purpose other than that of incurring liability, can not be taken as an effort to explain the true nature and intent of the contract, as is permitted by section 5796 of the Civil Code (1910), and does not set up a good de-fense. See *Proctor* v. *Royster Guano Co.*, ante, 617 (94 S. E. 821).

2. The subsequent release to an executed contract is in itself a contract, and a plea setting up such a defense must show that the release relied on was founded upon a consideration. *Williams-Thompson Co.* v. *Williams*, 10 *Ga. App.* 251 (73 S. E. 409).

3. The only remaining contention made in the brief of the plaintiff in error is that his plea as stricken by the trial judge on oral motion set up a valid defense by reason of the fraud alleged to have been perpe-trated upon him by the plaintiff in procuring his indorsement, in that it was obtained by means of the statement then falsely made to him that a reduction in the price of the fertilizer would be thereby obtained by the principal. This defense is without merit, since in the particu-lar amendment undertaking to set up fraud it is stated that when the indorser thus signed the note by reason of such statement then made, it had already been signed and delivered by the principal and accepted by the plaintiff.

4. No valid reason being assigned in the bill of exceptions pointing out error on the part of the trial judge in striking the plea upon oral mo-tion, the judgment so rendered must be affirmed. *Palmer* v. *Ingram*, 2 *Ga. App.* 200 (58 S. E. 362).

    *Judgment affirmed. Wade, C. J., and Luke, J., concur.*
            DECIDED JANUARY 22, 1918.

Complaint; from Harris superior court—Judge Howard. April 9, 1917.

J. R. *Lunsford, J. Burruss Munn, Duke Davis,* for plaintiff in error. *A. L. Hardy,* contra.

---

8883. PEARCE v. SWIFT & COMPANY FERTILIZER WORKS.

BLOODWORTH, J. 1. The bill of exceptions assigns error on a ruling of the court allowing an amendment to the petition. This contention, not having been referred to in the brief of the plaintiff in error, will be treated as abandoned.

2. The principles involved in the other assignments of error are settled by the opinion in the case of *Pearce* v. *Swift*, ante.

    *Judgment affirmed. Broyles, P. J., and Harwell, J., concur.*
            DECIDED JANUARY 22, 1918.

Description and counsel as in case next preceding.