### 15048. SHAW *v.* THE STATE.

BROYLES, C. J. 1. The exceptions pendente lite (complaining of the over-ruling of a demurrer to the indictment) cannot be considered, as the main bill of exceptions contains no assignment of error upon the exceptions pendente lite or upon the judgment of the court overruling the demurrer. Nor can the overruling of a demurrer to an indictment be a ground of a motion for a new trial.

2. The verdict was authorized by the evidence, and none of the grounds of the amendment to the motion for a new trial which were approved by the court (the disapproved grounds not being considered) requires a reversal of the judgment below.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED DECEMBER 5, 1923.

Indictment for larceny of automobile; from Fulton superior court—Judge E. D. Thomas. September 8, 1923.

*C. G. Battle, W. Paul Carpenter,* for plaintiff in error.

*John A. Boykin, solicitor-general, E. A. Stephens, R. H. Pharr,* contra.

---

### 15050. ADAMS *v.* THE STATE.

BLOODWORTH, J. The motion for a new trial in this case is based upon the general grounds only. As there is evidence to support the verdict, and no error of law appears, the judgment of the trial court must be

*Affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED DECEMBER 5, 1923.

Indictment for larceny after trust; from Floyd superior court— Judge Wright. September 15, 1923.

*Porter & Mebane,* for plaintiff in error.

*E. S. Taylor, solicitor-general,* contra.