*R. R. Jackson, John F. Echols,* for plaintiff.

*D. K. Johnston,* contra.

---

14284.   HOUSE *v.* AMERICAN DISCOUNT CO.

BELL, J. The only assignment of error in this case is contained in the following recital of the bill of exceptions: "On the 4th day of December, 1922, and within the time provided by law, this defendant did file his exceptions pendente lite excepting to and assigning error upon the order of the court in disallowing the defendant's amendment, and further excepting to the order of the court in striking the answer of this defendant. Therefore, on the 5th day of December, 1922, at the regular December term of said court, the plaintiff did take a verdict and judgment against this defendant. To this judgment of the court the defendant excepted, and now excepts and assigns error thereon." The defendant in error has moved to dismiss the bill of exceptions for want of a sufficient assignment. *Held:*

1. "By the act of August 15, 1921 (Ga. Laws 1921, p. 233), when the final bill of exceptions shows that exceptions pendente lite were properly filed in the trial court, and when the contents of such exceptions pendente lite are recited in the bill of exceptions, or a copy thereof appears in the transcript of the record, an assignment of error in the final bill of exceptions, either upon the exceptions pendente lite or upon the rulings therein excepted to, is sufficient." *Alexander* v. *Chipstead*, 152 *Ga.* 851 (1) (111 S. E. 552).

(a) While the bill of exceptions describes the exceptions pendente lite by stating the nature of the assignments therein made, there is no assignment of error in the final bill of exceptions, either upon the exceptions

pendente lite or upon the rulings therein excepted to. There is, therefore, no compliance with the act above mentioned.

2. "If exception be taken to a final judgment as being erroneous in itself, the assignment of error should specifically set forth the error or errors in it which are complained of." *Mayor &c. of Gainesville* v. *Jaudon,* 145 *Ga.* 299 (5) (89 S. E. 210); *Lyndon* v. *Georgia Ry. & Elec. Co.,* 129 *Ga.* 353 (58 S. E. 1047). Generally it is only where the final judgment is excepted to merely for the purpose of reaching a controlling error involved in an antecedent ruling that a general assignment will be deemed sufficient. *Tinsley* v. *Gullett Gin Co.,* 21 *Ga. App.* 512 (1) (94 S. E. 892). See also *Sikes* v. *Edwards,* 149 *Ga.* 168 (2) (99 S. E. 621); *Palmer* v. *Ingram,* 2 *Ga. App.* 200 (1) (58 S. E. 362).

3. There being no exceptions in any form to any antecedent ruling, the assignment upon the final verdict and judgment (the sole assignment made) is too general to raise any question for decision, and the motion to dismiss must be sustained.

4. The exception is not to the direction of a verdict, and the case does not fall within the ruling in *McKenzie's Sons & Co.* v. *Consolidated Lumber Co.,* 142 *Ga.* 375 (4), 380.

*Writ of error dismissed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED DECEMBER 10, 1923.

Complaint; from DeKalb superior court—Judge Hutcheson. December 5, 1922.

*Hendrix & Buchanan,* for plaintiff in error.

*Frank Carter,* contra.