*R. O. Lovett,* contra.

---

### 14914. BEASLEY *v.* BURTON.

STEPHENS, J. 1. An owner of property exposed to sale at a public auction may bid upon it and cause it to bring a specified price, and thus prevent a sale of the property to another for less than its value, without thereby becoming a "puffer" and fraudulently inducing the purchaser at the sale to pay more than the property is worth. See *McMillan* v. *Harris*, 110 *Ga.* 72 (35 S. E. 334, 48 L. R. A. 345, 78 Am. St. R. 93).

2. The mere bidding upon property exposed to sale at public auction by by-bidders who are agents of the owner is not sufficient, when alleged in a pleading, to show that the owner was undertaking to "puff" the property and thereby commit a fraud upon the purchaser.

3. In a plea filed by the purchaser in a suit against him by the vendor upon a note given by the purchaser for the purchase-money of land, allegations that the bond for title was completely void, and that the

purchaser could not ascertain what land was intended to be described in it, are insufficient to show invalidity in the bond, in the absence of an allegation setting out in what manner the description was defective and pointing out wherein it was impossible from the description to identify the land sought to be sold.

4. In the absence of any specific representation on the part of the vendor in a sale of real estate that the property sold is unincumbered, the purchaser cannot allege the existence of an incumbrance as a fraud on the part of the vendor, although he had no knowledge of the incumbrance at the time of the sale. *Black* v. *Walker*, 98 *Ga.* 31 (26 S. E. 477).

5. Applying these rulings the court did not err, in a suit by the vendor against the purchaser upon the purchase-money note, in striking the defendant's plea upon general demurrer.

6. The evidence demanded the verdict directed for the plaintiff, and the court did not err in overruling the defendant's motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED OCTOBER 1, 1924.

Complaint; from Franklin superior court—Judge W. L. Hodges. June 14, 1923.

*T. G. Dorough,* for plaintiff in error.

*J. H. & Emmett Skelton,* contra.