16228.   ATLANTA LIFE INSURANCE CO. *v.* JACKSON.

BELL, J.   1. While the bill of exceptions alleges that certain exceptions pendente lite were duly tendered and certified, and describes them by stating the nature of the assignments made therein, there is no assignment of error in the final bill of exceptions, either upon the exceptions pendente lite or upon the rulings therein excepted to. No question, therefore, is presented for decision under the exceptions pendente lite. *Alexander* v. *Chipstead,* 152 *Ga.* 851 (1) (111 S. E. 552); *House* v. *American Discount Co.,* 31 *Ga. App.* 396 (1) (120 S. E. 701).

2. An assignment of error upon the admission of evidence must show not only in what respects the evidence was objectionable, but that the objection was urged at the time of its admission. It is not sufficient in a ground of a motion for a new trial to state that the court erred in admitting certain evidence "over timely objection," and then, after setting out the evidence admitted, to allege that the admission of the evidence was error for certain specified reasons, where it is not further alleged in the motion that the evidence was objected to for such reasons at the time of its admission. *Henslee* v. *Harper,* 148 *Ga.* 621 (1) (97 S. E. 667); *Pelham & Havana R. Co.* v. *Walker,* 27 *Ga. App.* 398 (2) (108 S. E. 814).

3. "A plaintiff must recover upon the cause of action as laid in the petition; and a verdict in his favor is illegal when the evidence fails to support the cause declared on, even though a different cause of action may appear from testimony admitted without objection. But evidence, admitted without objection, which supports what is in fact the same cause of action, although it might have been excluded on objection, may be sufficient to authorize a recovery, if, under the facts of the case, the petition could by amendment have been so conformed to the proof as to render such testimony relevant." *Napier* v. *Strong,* 19 *Ga. App.* 401 (2) (91 S. E. 579). Under this rule there was no fatal variance between the allegata and the probata in this case.

4. The evidence did not demand a finding that the insurance policy sued on had lapsed at the death of the insured. A verdict in the plaintiff's favor for some amount was, therefore, authorized.

5. But it appearing, without dispute, that the policy, which was dated August 21, 1922, and the face amount of which was only $146, contained a provision that "one fourth only of the above sum is payable if death occurs within six calendar months from date of policy; one half if death occurs after six months from date of policy; the full amount after one year," and the insured having died within less than one year from the date of the policy, to wit, on July 15, 1923, the special ground of the defendant's motion for a new trial complaining that the verdict was excessive, should have been sustained.

6. Where the amount of the insurer's liability was substantially less

than the amount claimed in the proofs of loss and sued for, a verdict for attorney's fees and damages was unauthorized. *Queen Insurance Co.* v. *Peters,* 10 *Ga. App.* 289 (4) (73 S. E. 536).

7. But the judgment in the plaintiff's favor being erroneous only in part, and the extent of the error being ascertainable and certain, the judgment overruling the defendant's motion for a new trial will be affirmed, provided the plaintiff, at the time the remittitur from this court is made the judgment of the trial court, will strike or write off one half of the recovery for principal and interest and the entire recovery for attorney's fees and damages; otherwise the judgment is reversed.

*Judgment affirmed on condition. Jenkins, P. J., and Stephens, J., concur.*

DECIDED NOVEMBER 17, 1925.

Complaint; from Richmond superior court—Judge A. L. Franklin. December 17, 1924.

*Sam. F. Garlington,* for plaintiff in error.
*John J. Jones,* contra.