### 19052.  HICKS *v.* BROWN ESTATE.

LUKE, J.  1. There being evidence to support the verdict rendered, this court can not say that the trial judge erred in overruling the general grounds of the motion for a new trial.

2. There being no assignment in the final bill of exceptions either upon the exceptions pendente lite or upon the rulings excepted to therein, no question is presented for decision under the exceptions pendente lite. Ga. L. 1921, p. 232 (Michie's Code (1926), § 6139 (1)); *Alexander* v. *Chipstead,* 152 *Ga.* 851 (111 S. E. 552); *House*·v. *American Discount Co.,* 31 *Ga. App.* 396 (120 S. E. 701); *Atlanta Life Ins. Co.* v. *Jackson,* 34 *Ga. App.* 555 (130 S. E. 378); *Carter* v. *Vanlandingham,* 37 *Ga. App.* 642 (141 S. E. 429).

3. The special grounds of the motion for a new trial show no reversible error.  *Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED OCTOBER 2, 1928.

*Astor Merritt,* for plaintiff in error.  *J. R. Hutcheson,* contra.

### 19054.  HINES *v.* THE STATE.

LUKE, J.  It appearing from the uncontradicted evidence in this case that the defendant was in possession of whisky as charged, the trial judge properly overruled the motion for a new trial, based solely upon the usual general grounds, and the conviction must stand.

*Judgment affirmed. Broyles. C. J., and Bloodworth, J., concur.*

DECIDED OCTOBER 2, 1928.

*W. A. Dampier,* for plaintiff in error.
*J. A. Merritt, solicitor,* contra.