21437. COLEMAN *v.* THE STATE.

DECIDED MAY 13, 1931.

*Felix C. Williams, Kirkland & Kirkland,* for plaintiff in error.
*Marvin L. Gross, solicitor-general,* contra.

BLOODWORTH, J. ■ "There being no assignment [of error] in the final bill of exceptions either upon the exceptions pendente lite or upon the rulings excepted to therein, no question is presented for decision under the exceptions pendente lite. Ga. L. 1921, p. 232 (Michie's Code), § 6139 (1); *Alexander* v. *Chipstead,* 152 *Ga.* 851 (111 S. E. 552); *House* v. *American Discount Co.,* 31 *Ga. App.* 396 (120 S. E. 701); *Atlanta Life Ins. Co.* v. *Jackson,* 34 *Ga. App.* 555 (130 S. E. 378); *Carter* v. *Vanlandingham,* 37 *Ga. App.* 642 (141 S. E. 429)." *Hicks* v. *Brown Estate,* 38 *Ga. App.* 659 (2) (145 S. E. 99).

■ Ground 4 of the motion for a new trial alleges that the court erred in charging on conspiracy, for the reason there is no evidence of a conspiracy. "The evidence authorized a charge on conspiracy. Whether the conspiracy was in fact established was a question for the jury." *Thomas* v. *State,* 33 *Ga. App.* 681 (4) (127 S. E. 891).

■ Ground 5 of the motion urges that a new trial should be granted "for the reason the court failed to charge the law applicable to the case." This assignment of error is too general for consideration by this court. *Atlantic Coast Line R. Co.* v. *Nellwood Lumber Co.,* 21 *Ga. App.* 209 (2) (94 S. E. 86); *Worley* v. *State,* 21 *Ga. App.* 787 (6) (95 S. E. 304); *Dawson* v. *State,* 18 *Ga. App.* 176 (2) (88 S. E. 990).

■ Counsel for the defendant objected to certain evidence offered by the State. The court asked: "What was the witness endeavoring to say?" Counsel for the State answered, "We are attempting to show that he [the witness] gained certain information from which he did certain things." The judge said: "I will permit the witness to say that he received certain information upon which he

acted." In this ruling the judge did not err. "When, in a legal investigation, information, conversations, letters and replies, and similar evidence, are facts to explain conduct and ascertain motives, they are admitted in evidence, not as hearsay but as original evidence." Penal Code, § 1023; *Hall* v. *State, 22 Ga. App.* 112 (3) (95 S. E. 936), and cit.; *Stafford* v. *State, 121 Ga.* 169 (48 S. E. 903); *Duren* v. *State, 158 Ga.* 735, 737 (124 S. E. 343); *Lyman* v. *State, 69 Ga.* 404 (5).

■ The conversation between Frank Kemp and Mathie Coleman, referred to in ground 7 of the motion for a new trial, when considered in connection with all the other facts of the case is admissible; and especially in the light of the statement of the court relative to acts of Mathie Coleman when the court said, "The acts of the boy [Mathie Coleman] immediately following the conversation of the father would be admissible. . . You will have to show that the son acted under the direct authority of the father, and mere inferences or suspicions that he may have been [so] acting would not render his conduct admissible," and especially with the qualification that it would be "for the jury to say whether or not there was a conspiracy between the parties, and in the absence of such conspiracy declarations and conduct are not admissible." Moreover, the only objection to this evidence as stated in this ground was that it was irrelevant and inadmissible, and such objections are too general to be considered. *Staples* v. *State, 37 Ga. App.* 97 (3) (139 S. E. 94), and cit.

■ Ground 8 of the motion alleges error "for the reason the court admitted in evidence, over objections of the defendant's attorneys, the testimony of William Lewis." This evidence consists of more than a page of type-written questions and answers, and at least some of these answers are relevant and admissible in evidence. This evidence was objected to en bloc. It was not erroneous to admit it, the illegal evidence not being pointed out. *Barnard* v. *State,* 119 *Ga.* 436 (3) (46 S. E. 644), and cit.; *Heatley* v. *State,* 39 *Ga. App.* 550 (2), 552 (147 S. E. 784), and cit.

■ Neither ground 9 nor 10 of the motion for a new trial is complete and understandable within itself. *Lawrence* v. *State, 26 Ga. App.* 608 (4) (107 S. E. 621). Neither of these grounds shows "how the testimony was material or how it could have been harmful to the movant." *Herndon* v. *State, 38 Ga. App.* 117 (6), 119 (142

S. E. 695), and cit.; *Wilson* v. *McConnell,* 36 *Ga. App.* 767 (1a) (138 S. E. 244), and cit. The evidence of Otto Lewis, in ground 9, is alleged to be illegal, but this is not sufficient to exclude it. The evidence of the witness Screws, in ground 10, is objected to as irrelevant and inadmissible. Such objections are too general for consideration by this court. *Staples* v. *State,* supra; *Cowart* v. *State,* 30 *Ga. App.* 289 (117 S. E. 663).

Ground 11 of the motion is but an amplification of the general grounds. There is evidence to support the verdict.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*