## 22036. DANIEL v. GEORGIA RAILROAD BANK.

BROYLES, C. J. 1. Under the evidence adduced on the hearing of the defendant's motion for a continuance, based upon the absence of an alleged material witness, and especially since it appeared that she (the defendant) had at a previous term of the court obtained a continuance of the case, it does not appear that the judge abused his discretion in denying the motion.

2. The court did not err in hearing the special demurrer to the defendant's answer, over the objection of the defendant that she had no witness in court to furnish facts on which to base an amendment to meet the requirements ·of the demurrer (the absent witness being the same one referred to in the preceding headnote), or in sustaining the demurrer and, the defendant making no effort to amend the answer to meet the demurrer, dismissing the answer.

3. The suit was upon two promissory notes. The notes provided for the payment of attorney's fees, but failed to specify any particular amount or per cent. for such fees. After the defendant's answer was stricken, a jury was empanelled and the plaintiff swore its witnesses and examined them to make out its case. The witnesses testified to the amount of principal and interest due on the notes, the credits thereon derived from collateral notes, cotton shipments and cash payments, and what would be reasonable attorney's fees for collecting the notes. The court, upon the motion of counsel for the plaintiff, refused to allow counsel for the defendant to cross-examine any of the witnesses, ruling that since the answer had been stricken, there remained no issue in the case and counsel .for the defendant had no right to cross-examine any of the plaintiff's witnesses or to ask them any questions whatsoever. To this ruling the defendant excepted pendente lite, and assigned error thereon in her main bill of exceptions. *Held*, that the ruling was error. Although the defendant's plea had been stricken, and although she had no right to introduce any evidence, yet when the plaintiff, in order to make out its case and secure a verdict, found it necessary to empanel a jury and to introduce witnesses to testify to facts not appearing on the face of the notes sued upon, the defendant, through her counsel, had a right to cross-examine them, and especially the witnesses testifying to what would be reasonable attorney's fees. See, in this connection, *Davis* v. *Wimberly*, 86 *Ga.* 46 (12 S. E. 208).; *Palmer* v. *Ingram*, 2 *Ga. App.* 200 (2) (58 S. E. 362).. This error rendered the further proceedings in the case nugatory, and another trial is required.

*Judgment reversed. Luke, J., concurs. Bloodworth, J., absent on account of illness.*

DECIDED FEBRUARY 17, 1932.

*William Woodrum,* for plaintiff in error.
*James A. Dixon,* contra.