22061. BROWNING *et al. v.* FARMERS BANK.

DECIDED JULY 29, 1932.

*M. B. Calhoun,* for plaintiffs in error.   *W. S. Mann,* contra.

SUTTON, J.   The Farmers Bank brought suit in the superior court of Wheeler county against Mrs. F. B. Browning and E. M. Browning on two promissory notes. Defendants in their answer to the petition admitted the allegations thereof, acknowledged that the plaintiff was the owner and holder of the notes and had a right to bring and maintain the action, and that the plaintiff was entitled to a verdict and judgment unless they could sustain their affirmative answer thereinafter set forth. In this affirmative answer they set up that there was usury in the notes, alleging that the notes represented a long series of dealing between the parties in which the bank charged them with usurious interest. The plaintiff demurred to the portion of the answer containing the allegations relative to this defense, and the court sustained this demurrer and struck from the answer all allegations with reference thereto. Defendants excepted pendente lite to this judgment. The case then went to trial before a jury, and the bank tendered in evidence the two notes sued on. Upon the introduction of these notes in evidence, the court directed a verdict for the plaintiff. To this judgment the defendants except upon the grounds that such judgment was contrary to law and the evidence in the case and the facts set out in the answer, and, further, that under the evidence and facts set forth in the answer the defendants were only due the plaintiff a certain sum considerably less than the amount of the notes and interest. In the bill of exceptions there is no assignment of error upon the exceptions pendente lite or upon the ruling complained of in the exceptions pendente lite.

1.   "By the act of August 15, 1921 (Ga. Laws 1921, p. 233), when the final bill of exceptions shows that exceptions pendente lite

470

were properly filed in the trial court, and when the contents of such exceptions are recited in the bill of exceptions, or a copy thereof appears in the transcript of the record, an assignment of error in the final bill of exceptions, either upon the exceptions pendente lite or upon the rulings therein excepted to, is sufficient." *Alexander* v. *Chipstead,* 152 *Ga.* 851 (111 S. E. 552) ; *House* v. *American Discount Co.,* 31 *Ga. App.* 396 (120 S. E. 701) ; Michie's Ga. Code (1926), § 6139(1).

2. While the bill of exceptions in the instant case states that exceptions pendente lite were filed to the judgment sustaining the demurrer, and a copy of these exceptions appears in the transcript of the record, there is no assignment of error in the final bill of exceptions, either upon the exceptions pendente lite or upon the rulings therein excepted to. There is, therefore, no compliance with the act above mentioned, and no question is presented for decision by this court under the exceptions pendente lite. *Alexander* v. *Chipstead,* supra; *House* v. *American Discount Co.,* supra; *Atlanta Life Ins. Co.* v. *Jackson,* 34 *Ga. App.* 555 (130 S. E. 378) ; *Carter* v. *Vanlandingham,* 37 *Ga. App.* 642 (141 S. E. 429) ; *Hicks* v. *Brown Estate,* 38 *Ga. App.* 659 (2) (145 S. E. 99) ; *Coleman* v. *State,* 43 *Ga. App.* 350 (158 S. E. 627) ; *Bolton* v. *State,* 43 *Ga. App.* 759 (159 S. E. 910).

3. The only issuable defense filed to the notes sued on having been stricken on demurrer, a verdict in favor of the plaintiff was demanded.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*