## 23986. McDuffie County *v.* Gunn.

Sutton, J. 1. Where exceptions pendente lite are filed to a judgment overruling a general demurrer, and in the final bill of exceptions complaining of the overruling of the defendant's motion for new trial it is recited that the demurrer was overruled and exceptions pendente lite were filed in the trial court, and it is specified in such bill of exceptions that the exceptions pendente lite be sent up as a part of the record material to a clear understanding of the errors complained of, but the final bill of exceptions does not contain any assignment of error upon the exceptions pendente lite or upon the judgment overruling the demurrer, no question for decision by this court is presented by the exceptions pendente lite to the judgment overruling the demurrer. *Browning* v. *Farmers Bank,* 45 *Ga. App.* 469 (165 S. E. 130).

2. A judgment overruling a demurrer to a petition can not properly be made the ground of a motion for new trial. *Tompkins* v. *American Land Co.,* 139 *Ga.* 377 (77 S. E. 623); *Lewis* v. *Banks,* 171 *Ga.* 188 (154 S. E. 785); *Taylor* v. *Cleghorn Bros.,* 176 *Ga.* 779 (168 S. E. 773). It follows that this court can not consider the first five special grounds of the defendant's motion for a new trial, all of which complain of the action of the trial court in overruling the defendant's general demurrer to the petition and its special demurrer to certain paragraphs.

3. This was a suit for the actual and consequential damage to the plaintiff's lands caused by the taking thereof by defendant for public purposes. It was not error for the court to permit certain witnesses for the plaintiff each to state in his opinion the amount of actual and consequential damage suffered by the plaintiff by reason of the taking of her land by the defendant, such witnesses testifying that they were familiar with land values in that community; nor was it error for the court to state, in ruling upon the admissibility of said testimony, that the measure of the plaintiff's damage was the actual market value of her land at the time of the taking and the consequential damage resulting thereto from the defendant's taking of said land.

(*a*) Prior to the constitution of 1877, public authorities or utilities condemning private land for public purposes were liable only for the value

of the land actually taken, and not for any consequential damage resulting to the property not physically taken. *Atlanta* v. *Green*, 67 *Ga.* 387. After the adoption of 'that constitution the right to take private property for public purposes was enlarged and property owners were given a right to claim consequential damages, even though none of their property was physically taken. *Towaliga Falls Power Co.* v. *Sims*, 6 *Ga. App.* 749, 753 (65 S. E. 844). In all the decisions involving the liability of counties for damage caused by the construction of public improvements, the rule has been observed that the measure of damages is the actual depreciation in the market value of the plaintiff's premises. *Howard* v. *Bibb County*, 127 *Ga.* 291 (56 S. E. 418).

(*b*) "Direct testimony.as to market value is in the nature of opinion evidence. One need not be an expert . . but may testify as to value, if he has had an opportunity for forming a correct opinion." Civil Code (1910), § 5875; *Central R. &c. Co.* v. *Skellie*, 86 *Ga.* 686, 693 (12 S. E. 1017). The competency of a witness to testify under this section is for the trial court, while his credibility is for the jury, where the witness testifies as to more or less knowledge of the value of such land. *Central Georgia Power Co.*, v. *Cornwell*, 139 *Ga.* 1, 5 (76 S. E. 387, Ann. Cas. 1914 A, 880).

4. Plaintiff sought damages of the county for the taking of her land for a right of way for a public road, in the sum of $731.77 as the value of 9.757 acres taken by the county, in the sum of $300 damages in that the road cut her pasture lands in two parts, rendering them worthless for pasture purposes, and in the further sum of $75 for the taking of one other acre of her lands. The county, in its answer, set up that the land taken by it was only worth $195.14, that the consequential benefits exceeded the consequential damage to the lands of the plaintiff, that the one acre of land taken was worth $75, as claimed by the plaintiff; which sums the defendant admitted the plaintiff was entitled to, and which it thereby tendered into court. On the trial of the case there was evidence authorizing the jury to find that the 9.757 acres were worth $100 an acre, and that the one acre was worth $75. In these circumstances, the verdict in this case in the plaintiff's favor for $800 was authorized.

5. The court did not err in overruling defendant's motion for new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED NOVEMBER 24, 1934.

*Randall Evans Jr.,* for plaintiff in error.
*J. Quinn West,* contra.