## PARKER *v.* HARLING.

No 12516. JANUARY 11, 1939.

*Astor Merritt,* for plaintiff in error.
*Paul S. Etheridge Jr.,* contra.

BELL, Justice. E. L. Harling, the plaintiff in a judgment against J. M. Parker, filed a suit in the superior court of Douglas County against J. M. Parker and his wife, Mrs. Bessie L. Parker, alleging in effect that after rendition of the judgment the husband conveyed to his wife described real estate for the purpose of defrauding the plaintiff as a creditor, and that the wife was party to the fraud; that this property was exchanged by Mrs. Parker for other property, which was later converted by sale into cash, and that a stated portion of the proceeds in excess of the plaintiff's judgment was finally invested by her in a described tract the legal title to which she now holds. The plaintiff's contentions were that in view of the alleged fraud the property acquired by Mrs. Parker from her husband was encumbered with a trust in favor of the

plaintiff as the husband's creditor, and that under the principle of tracing trust funds the property finally acquired should be impressed with the trust to the extent of the plaintiff's judgment. Mrs. Parker filed an answer admitting some of the allegations of the petition and denying others. No answer was filed by the husband. The petition was dismissed for want of prosecution, but was later reinstated over objection. After the introduction of evidence by both sides, the court directed a verdict for the plaintiff, Harling. Mrs. Parker, hereinafter referred to as the defendant or the movant, filed a motion for new trial, assigning error on the direction of the verdict and on other rulings. The motion was overruled, and the movant excepted. Other facts will be stated in the opinion.

■ It is contended by the defendant that the court erred in reinstating the case after its dismissal for want of prosecution, exceptions having been taken, pendente lite, to this ruling. "By the act of August 15, 1921 (Ga. Laws 1921, p. 233), when the final bill of exceptions shows that exceptions pendente lite were properly filed in the trial court, and when the contents of such exceptions pendente lite are recited in the bill of exceptions, or a copy thereof appears in the transcript of the record, an assignment of error in the final bill of exceptions, either upon the exceptions pendente lite or upon the rulings therein excepted to, is sufficient." *Alexander* v. *Chipstead*, 152 *Ga.* 851 (111 S. E. 552). While in the instant case the bill of exceptions describes the exceptions pendente lite by stating the nature of the assignments of error therein contained, there is no assignment of error in the final bill of exceptions either upon such exceptions pendente lite or upon the ruling excepted to therein. In the circumstances there is no compliance with the statute in regard to assignments of error based upon exceptions pendente lite; and consequently no ruling will be made as to the propriety of the reinstatement. *Ryals* v. *Atlantic Life Ins. Co.*, 184 *Ga.* 556, 557 (192 S. E. 38); *House* v. *American Discount Co.*, 31 *Ga. App.* 396 (120 S. E. 701); *Browning* v. *Farmers Bank*, 45 *Ga. App.* 469 (165 S. E. 130).

■ The defendant contended upon the trial that although the legal title to the land first mentioned had remained in her husband for several years and was not conveyed to her until after verdict and judgment were rendered against him in the plaintiff's

favor, this land was in equity her individual property, for the reason that it was purchased and improved entirely with her money. In *Orr Shoe Co.* v. *Lee,* 159 *Ga.* 523 (126 S. E. 292), it was held: "If the legal title to land be in the husband and he hold the possession thereof under such title, and the title and possession so remain until one who has given credit on the faith that the property was the husband's, without any notice of the wife's equity, reduces his debt to judgment, the lien of such judgment will bind the land and will be enforced against a secret equity of the wife, resulting from the fact that her money paid for the land. *Zimmer* v. *Dansby,* 56 *Ga.* 79. . . As the creditor was seeking to enforce a legal right arising from his judgment lien on this land while the title was in the husband, the burden of showing want of notice of the wife's secret equity ,was not on the creditor; and if such lien of the creditor could be defeated by the fact that he had notice of the wife's secret equity, the burden was on her to show that the creditor had such notice." See also *Gorman* v. *Wood,* 68 *Ga.* 524; *Dill* v. *Hamilton,* 118 *Ga.* 208 (44 S. E. 989); *Krueger* v. *Mac-Dougald,* 148 *Ga.* 429 (96 S. E. 867); *Wood* v. *Lovelady,* 176 *Ga.* 866 (169 S. E. 93); *Word* v. *Bowen,* 181 *Ga.* 736 (184 S. E. 303); *Rowe* v. *Cole,* 183 *Ga.* 477 (188 S. E. 668); *Smallwood* v. *Warfield,* 49 *Ga. App.* 93 (174 S. E. 185). In the present case, the plaintiff testified, without dispute, that he extended the credit on the faith of ownership in the husband, and without notice of the wife's equity; and as to these matters there was not, as contended by the movant, any issue of fact for determination by the jury. The judgment was based upon a claim for real-estate commissions alleged to have been earned in finding a purchaser for this property under a contract with the husband, the sale, however, never having been consummated. While Mrs. Parker did testify that the plaintiff "came to the store" and asked her if she would sell the property, and she told him "yes," and asked him what it was worth, and he said $7500, she also testified, "and I gave Mr. Parker permission to sign a contract for the trade." This evidence, when properly construed as the testimony of a party (*Shepard* v. *Chappell,* 29 *Ga. App.* 6 (2), 113 S. E. 23), did not tend to rebut the plaintiff's evidence that he acted on faith that ownership was in the husband, or to prove notice of the wife's equity. Moreover, if she thus led the plaintiff to contract with her husband for the sale of this prop-

erty as stated, she could not now dispute the latter's ownership as relating to the resulting liability. According to her own testimony, she consented for the husband to be treated as owner for the purposes of this contract, made in her behalf. Cf. *Roberts* v. *Devane,* 129 *Ga.* 604 (5) (59 S. E. 289); *Ford* v. *Blackshear Mfg. Co.,* 140 *Ga.* 670 (3) (79 S. E. 576).

■ The evidence showed that the property received by the defendant in exchange for that acquired from her husband was sold for $3250, that this sum was deposited by her in the First National Bank of Atlanta, and that the land on which it is now sought to impress a trust was later paid for with checks drawn upon this bank. As related to tracing funds, however, the defendant testified: "I did not buy that piece of property with the money received for property that I had sold on the highway [being the property acquired in exchange as stated]. As to where I got the $1900 that I bought this piece of property with, I had money besides that money. . . I had other funds in the First National Bank at that time." Under this evidence, a finding for the plaintiff was not demanded on the issue of tracing funds. See Code, § 108-425; *Vason* v. *Bell,* 53 *Ga.* 416 (4); *Ober & Sons Co.* v. *Cochran,* 118 *Ga.* 396 (45 S. E. 382, 98 Am. St. R. 118); *Gillespie* v. *Gillespie,* 150 *Ga.* 106 (102 S. E. 824); *Town of Douglasville* v. *Mobley,* 169 *Ga.* 53 (149 S. E. 575); Schumacher *v.* Harriett, 52 F. (2d) 817 (82 A. L. R. 11); People ex rel Nelson *v.* People's Bank & Trust Co., 353 Ill. 479 (8) (187 N. E. 522, 89 A. L. R. 1328); Kountze *v.* Los Angeles, 79 F. (2d) 98 (5) (102 A. L. R. 367); 65 C. J. 978, § 902. It follows from what has been said that the court erred in directing the verdict in favor of the plaintiff.

It is contended by the defendant that other *stated* issues of fact were presented; but these contentions refer merely to subordinate conflicts in the evidence, and not to controlling issues. Accordingly, they do not show cause for reversal or for separate consideration. The remaining assignments of error, pertaining to the admission of evidence, are without merit. For the antecedent error in directing the verdict, the court erred in refusing a new trial.

*Judgment reversed. All the Justices concur.*