## 27613. HAYES *v.* HANNAH.

DECIDED NOVEMBER 15, 1939.

*Thomas G. Lewis,* for plaintiff in error.

*Carl T. Hudgins,* contra.

STEPHENS, P. J. E. F. Hannah, an auctioneer, brought suit against Mrs. S. H. Hayes in two counts: In the first count the plaintiff alleged that the defendant was indebted to him in the sum of $200; that, by contract of March 2, 1938, the defendant em-

ployed the plaintiff to conduct an auction sale of certain real estate belonging to her, and agreed to pay the plaintiff ten per cent. of the sale price for his services; that the plaintiff offered the property at auction sale, under the terms of the contract, and received a bid therefor of $1990; that in order to prevent the property from being sold for that sum, the defendant bid $2000 thereon, and prevented further bids from being made on the property; and that this constituted a breach of the contract to the plaintiff's damage in the sum of $200. In the second count the plaintiff alleged that the defendant contracted with him to conduct an auction sale of the property for her; that after complying with the contract in all respects the plaintiff did at the time and in the manner therein provided hold and conduct the auction; that at the sale the defendant bid $2000 on the property, and that being the highest bid the property was knocked down to her, and that this constituted a sale of the property, and the defendant thereby became liable to the plaintiff for the commission of ten per cent. of the purchase-price, $200, with interest, as provided in her contract with him. The auction-sale contract between the parties did not provide that the defendant had any control over the sale of the property by the auctioneer.

As to the first count, the defendant admitted the contract, and that she agreed to pay ten per cent. of the purchase-price to the plaintiff as commission; that she bid $2000 on the property, and that she had failed and refused to pay the plaintiff. She denied that the sale was conducted as provided in the contract; that her bid prevented further bidding; that her acts constituted a breach of the contract; and that she was indebted to the plaintiff in the sum sued for. As to the second count, the defendant admitted that she contracted with the plaintiff to conduct the auction sale of her property as per the contract; that she bid $2000 on the property, and that it was knocked down to her. She denied that the plaintiff complied with the contract in all respects; that he, at the time and in the manner provided in the contract, held and conducted the auction sale; that her bid of $2000 on the property constituted a sale of the property under the contract; and that she was liable to the plaintiff for ten per cent. commission.

The judge sustained the general demurrers of the plaintiff to the plea and struck the plea. The defendant excepted to this judg-

ment pendente lite, but does not, in the bill of exceptions, except to this judgment or assign error on the exceptions pendente lite. The defendant moved to dismiss the plaintiff's petition, which motion was overruled. The case proceeded to trial, and the plaintiff introduced evidence tending to support the allegations of his petition. The jury, under direction of the court, returned a verdict in the plaintiff's favor for $200 principal with interest. The defendant moved for a new trial on the general grounds and by amendment on certain special grounds. Three of the special grounds relate to the action of the court in sustaining the general demurrers of the plaintiff to the defendant's plea and in striking the plea, and to the action of the court in overruling the defendant's motion to dismiss the plaintiff's petition. In another special ground it is complained that the court erred in directing a verdict for the plaintiff in the sum of $200. In the remaining special ground the defendant complained of the refusal of the court to permit her to testify as follows: "I entered into this contract with the plaintiff because I needed to sell this property. I did not make any bid on this property to buy it or keep anybody else from buying it. I did what I could to keep from losing or giving the property away for nothing. There was no bid for $1990 made on this property at the sale, and nobody has asked me to make any deed to the property." The judge overruled the motion for a new trial, and the defendant excepted.

Where the final bill of exceptions contains no assignment of error upon the judgment striking the defendant's plea, or upon the exceptions pendente lite thereto, no question for decision is presented in the bill of exceptions on the judgment sustaining the demurrer to the defendant's plea. A recital in the bill of exceptions that exceptions pendente lite were taken and filed, and a specification in the bill of exceptions of the exceptions pendente lite as part of the record material to an understanding of the errors complained of, do not constitute an assignment of error. *Lanier* v. *Council,* 179 *Ga.* 568 (176 S. E. 614); *Virginia Lumber Corporation* v. *Atlantic Coast Line R. Co.,* 46 *Ga. App.* 534 (168 S. E. 323); *McDuffie County* v. *Gunn,* 50 *Ga. App.* 198 (177 S. E. 363). A judgment overruling a demurrer to a petition, or one sustaining a demurrer to a plea or answer, can not be made a

ground of a motion for new trial. *McDuffie County* v. *Gunn,* 50 *Ga. App.* 198 (2) (177 S. E. 363), and cit. No assignment of error appearing in the bill of exceptions on the judgment sustaining the demurrer to the defendant's plea, or on the judgment overruling the demurrer to the petition, or on the exceptions pendente lite, or elsewhere, except in the motion for new trial, these judgments can not be reviewed in this court. *Cary* v. *State,* 55 *Ga. App.* 167 (189 S. E. 625). No questions as to the legal sufficiency of the petition or the plea are presented for this court's consideration.

In ground 4 of the motion for new trial the defendant insists that the court erred in refusing to permit her to testify as to matters tending to directly deny the allegations of the plaintiff's petition, and to establish facts defensive of the plaintiff's claim. It was not error for the court to refuse to permit the defendant to so testify. Her answer had been stricken, and she was attempting to testify as to matters that went directly to the correctness of the plaintiff's claim and the truth of the allegations of the petition. *O'Connor* v. *Brucker,* 117 *Ga.* 451 (2) (43 S. E. 731) ; *Pittman* v. *Colbert,* 120 *Ga.* 341 (47 S. E. 948). The petition in this case was based upon a contract which fixed the amount of damages for a breach of the contract by the defendant. The damages were liquidated, and the answer having been stricken, the plaintiff was entitled to a verdict. It was not error to exclude the proffered evidence. *Pierce* v. *Jones,* 36 *Ga. App.* 561, 562 (137 S. E. 296).

Generally, and in the absence of any provision in the contract to the contrary, an owner of property exposed for sale at auction may bid upon it in order to prevent its sale to another for less than its value. See *Beasley* v. *Burton,* 32 *Ga. App.* 727 (124 S. E. 368). Though, in such case, if an owner bids upon his own property at a public auction sale for the purpose of protecting his own interest, in the event his bid is the last and the highest he can be compelled by the auctioneer to take and pay for the property. *McMillan* v. *Harris,* 110 *Ga.* 72 (35 S. E. 334, 48 L. R. A. 345, 78 Am. St. R. 93). It follows that the verdict directed for the plaintiff complained of in the third special ground of the motion for new trial was demanded, and that the judge did not err in overruling the defendant's motion for new trial.

*Judgment affirmed. Sutton and Felton, JJ., concur.*