### 29385. JONES *v.* LOVE.

DECIDED JULY 11, 1942.

*T. T. Molnar,* for plaintiff.
*Joe M. Ray, Olin Hammock,* for defendant.

BROYLES, C. J. 1. Where a main bill of exceptions contains no assignment of error upon the exceptions pendente lite (filed by the plaintiff in error in the trial court), nor any assignment of error upon the judgment complained of in the pendente lite exceptions, such exceptions can not be considered by this court. Ga. L. 1921, pp. 232, 233, § 2, Code § 6-1305; *Shaw* v. *State,* 31 *Ga. App.* 309 (1) (120 S. E. 648); *Atlantic Ice & Coal Co.* v. *Folds,* 47 *Ga. App.* 832 (1) (171 S. E. 581); *Browning* v. *Farmers Bank,* 45 *Ga. App.* 469 (165 S. E. 130). This is true although it be stated in the main bill of exceptions that the exceptions pendente lite were filed in the trial court and certified by the judge; and where a copy of such exceptions appears in the transcript of the record. *Browning* v. *Farmers Bank,* supra; *House* v.

*American Discount Co.,* 31 *Ga. App.* 396 (120 S. E. 701) ; *Alexander* v. *Chipstead,* 152 *Ga.* 851 (111 S. E. 552) ; *Kennedy* v. *Walker,* 156 *Ga.* 711 (120 S. E. 105).

2. Applying the above-stated ruling to the facts of this case, the exceptions pendente lite can not be considered by this court.

3. This was a suit upon an unconditional written contract. The defendant in his answer admitted executing the contract, but set up the affirmative defense of fraud by the plaintiff in procuring the contract. Special ground 3 of the motion for new trial excepts to the following charge: "The burden of proof in this case rests upon the plaintiff to prove the truth of his case by a preponderance of the evidence." The charge was assigned as error upon the grounds "that the execution of the notes was admitted by the plaintiff [defendant], and the defendant set up an affirmative defense. Movant shows that the burden of proof rested upon the defendant and not upon the plaintiff." "The burden of proof generally lies upon the party asserting or affirming a fact and to the existence of whose case or defense the proof of such fact is essential. If a negation or negative affirmation be so essential, the proof of such negative lies on the party so affirming it." Code, § 38-103. In *Payne* v. *Thebaut,* 180 *Ga.* 758 (180 S. E. 725), the court held that the burden of proof was upon the defendant because she had in her pleadings "admitted a prima facie case in favor of the plaintiff." The decision in *Fowler* v. *Wood,* 138 *Ga.* 219 (75 S. E. 104), cited in behalf of the defendant in error, is not in material conflict with the above-stated ruling, although it appears to be self-conflicting. There, the exception was to the following charge: "But, at least, considering the whole case, all that occurred, the burden rests upon the plaintiff to satisfy you of his right to recover in the case." However, as pointed out by the Supreme Court in its decision, the court, immediately preceding the charge complained of, had instructed the jury as follows: "Under his plea the defendant admits what is known as a prima facie case. He assumes the burden of establishing his right to prevail on account of the allegations set up in his plea." In the instant case, the charge complained of was the only reference in the entire charge to the burden of proof, and in our opinion under all the facts of the case it constituted reversible error.

4. Ground 4 complains of the following charge: "Every pur-

chase sale gives with it an implied warranty. The law says that a seller when selling some article—that the law implies that it is merchantable and in good condition and reasonably suited for the purpose intended." The charge was assigned as error on the following grounds: "(1) Because it was not a correct statement of law, there being no implied warranty of good condition. (2) Because an implied warranty does not exist as a matter of law where the written contract expressly provides that no purchase warranty shall exist. In the case at bar, the contract expressly provided that the seller did not warrant said property in any manner other than as stipulated in the contract, and the contract did not stipulate any warranty as charged by the court." The Code, § 96-301, declares in effect that in a contract of sale, where the seller *expressly* refused to warrant the article sold, there could be no implied warranties. And in *McNeel* v. *Smith,* 106 *Ga.* 215, 216 (32 S. E. 119), the court said: "It is obvious from the language used in the statute, that the parties to the contract can expressly except either one or all of these implied warranties." In *Jones* v. *Riley,* 14 *Ga. App.* 84, 87 (80 S. E. 341), this court held that implied warranties can never be relied upon by a purchaser, where the seller "expressly limits the obligation as to warranty and the purchaser accepts the property with such a limitation." Applying the foregoing ruling to the facts of the case at bar, the charge given by the court on the subject of warranties was erroneous and harmful to the plaintiff in error. The charge was not modified or enlarged upon elsewhere in the charge.

5. The remaining special grounds of the motion for new trial are not argued or insisted upon in the brief of counsel for the plaintiff in error and are treated as abandoned.

6. Since the errors pointed out in the special grounds require another hearing of the case, the general grounds are not now passed on.

*Judgment reversed. MacIntyre and Gardner, JJ., concur.*