## POUND *v.* WILLIAMS *et al.*

Suit was brought in a city court on a draft given for the purchase of personal property.    The plea admitted the sale and the delivery of the article bought. It did not allege that the property was worthless or of value less than the draft given.    There was no plea of total or partial failure of consideration or one in abatement of the purchase-money.    The sole prayer of the defendant was for a cancellation and delivery of the draft, and rescission on the ground of deceit and misrepresentation as to the quality of the goods and breach of the warranty.    *Held:*

1. Breach of warranty does not annul an executed sale, but gives the purchaser a right to damages where the contract price has been fully paid ; or he may plead in abatement of the purchase-money when sued therefor.
2. A city court can not grant affirmative equitable relief.

Argued January 16,—Decided March 31, 1904.

Complaint.     Before Judge Henderson.     City court of Vienna. April 27, 1903.

*Crum & Jones*, for plaintiff in error.
*Whipple & McKenzie* and *Steed & Ryals*, contra.

SIMMONS, C. J.     J. H. & W. W. Williams brought suit against B. B. Pound on a draft for $310, alleged to have been given in payment of certain goods sold to the defendant.     The defendant admitted these allegations, but set up by his plea that he owned two diamond rings which he exhibited to the plaintiffs ' with a statement that he desired to purchase two other diamonds exactly matching in size, quality, weight, and whiteness those already owned ; that the plaintiffs warranted those sold to be exact " matches ;" that the comparison was made in the presence of defendant, but in a store lighted by artificial light ; that defendant was unskilled, and relied on the warranty and representation made by the plaintiffs.     It does not appear how long the rings were retained before being re-examined, nor where this was done ; but the defendant avers that when they were examined in the natural light it appeared that they were not of the same whiteness and brilliancy as those exhibited for comparison ; that he immediately refused to "accept" the rings bought, and has since held the rings subject to the order of the plaintiffs, upon their delivery of the draft sued on ; that he stands ready to tender to the plaintiffs the rings upon the delivery of the draft and the payment of the cost ; that the consideration of the said draft has failed ; that defendant had had little experience in the matter of buying diamonds, and was unable to discover the defects or to know the difference which really existed ; that plaintiffs expressly warranted the rings to be exact counterparts of those in defendant's possession, and, relying upon such warranty, he gave the draft.     Wherefore he prays that the suit be dismissed, that the draft be delivered and canceled, and' that he have judgment for the attorney's fees, costs, and expenses incurred by him.     On motion of plaintiffs these pleas were

stricken.    There being then no defense of file, judgment was rendered in favor of the plaintiffs, and the defendant excepted.

There is no allegation that the rings sold were wholly worthless, and no plea that their value was less than the amount of the draft.    The defendant prayed, as his only relief, for a rescission of the contract, for cancellation and surrender of the draft, and for judgment for costs and expenses incurred in defending the suit. A city court can not grant affirmative equitable relief.    *English* v. *Thorn*, 96 *Ga.* 557.    But this was an executed sale; possession of the rings had been surrendered to the purchaser; and even if there had been a breach of the warranty, the Civil Code, § 3556, expressly declares that the breach did not annul the sale as executed, though it might give the purchaser a right to damages, or it might be pleaded in abatement of the purchase-money. There was no such plea here, and that setting up the equitable defense was properly stricken.    It appeared that the defendant took the diamonds with him from the store — probably to his home in another city, and that, when they were there examined and found not to be of the quality represented, "he refused to accept the same, and they have been held subject to the order of petitioner upon their delivery of the draft now sued upon."    This is no allegation that the rings were restored, or of an offer to restore to the sellers and of demand made for the return of the draft.    Prompt restoration was one of the elements necessary to entitle the defendant to a rescission, or to the right of avoidance incident thereto.    See *Smith* v. *Estey Co.*, 100 *Ga.* 628; *Clark* v. *Neufville*, 46 *Ga.* 266; *Martin* v. *Harwell*, 115 *Ga.* 156; *Barnett* v. *Spier*, 93 *Ga.* 762; *Dawson* v. *Pennaman*, 65 *Ga.* 698.

        *Judgment affirmed.    All the Justices concur.*