## 1092. BASS v. WEST POINT WHOLESALE GROCERY CO.

1. A suit for $400 "cash" may be treated as a suit for money had and received, and be amplified by amendment setting forth in detail the circumstances of the transaction.
2. Where a single mortgage is taken for two separate amounts due to two distinct parties, in legal effect it is equivalent to two mortgages taken contemporaneously upon the same property; and upon a suit by one of the parties secured thereunder against the other, it is permissible to show that the mortgage was collected as to only one of the amounts secured, and not as to the other.

Complaint; from city court of LaGrange—Judge Harwell. February 25, 1908.

Argued May 6,—Decided November 24, 1908.

*Hatton Lovejoy,* for plaintiff in error.

*R. A. S. Freeman, A. H. Thompson,* contra.

RUSSELL, J.  The West Point Wholesale Grocery Company sued out an attachment against B. A. Bass, and in the declaration filed upon the attachment stated that the defendant was indebted to it $400 "cash," with interest.  The petition alleged that this sum was past due and unpaid, and that the defendant refused, upon demand, to pay the same.  An account was attached to the declaration as an exhibit, which fixed the date of the indebtedness of the defendant as June 22, 1903.  By amendment the plaintiff alleged, that on June 22, 1903, B. A. Bass was its president, and that as such he sold a stock of goods to W. C. Moore and T. P. Booker; that the consideration of said sale was $400; that Bass took a note and mortgage for $1,300 from said Booker, payable to himself, and that $400 of this amount was the amount due for the said stock of goods.  It was further alleged by the amendment that the defendant foreclosed the mortgage and collected the said $400, and has not paid any part thereof to the plaintiff; that the verdict and judgment under the mortgage foreclosure were obtained in the city court of LaGrange on July 15, 1905; that the judgment was fully paid; and therefore the defendant is indebted to the plaintiff in the amount sued for.  Upon the trial only one witness was introduced, and in addition it was agreed between the parties that certain facts were true; and, there being no controversy as to the facts, the court directed a verdict for the plaintiff, for $348.06 and interest.

The evidence shows, without contradiction, that the defendant, Bass, as president of the grocery company, sold Moore & Booker $400 worth of goods.  Booker was also indebted to Bass individually $900.  The account of the grocery company for $400 was included with the $900 due to Bass in a note secured by a mortgage for $1,300.  About two years later Bass foreclosed this mortgage for $1,300.  A claim was interposed to the levy of the mortgage fi. fa., and upon the trial the fi. fa. was ordered to proceed for $900, with interest thereon at 8 per cent.; the amount, with interest, being $1,120.  This amount was collected by Bass.  There was no evidence, however, that Bass collected more than $900 and interest, nor was there any evidence that the plaintiff had made any demand upon Bass.  The defendant objected to the allowance of the amendment offered by the plaintiff; but his objections were overruled, and he excepted pendente lite.  The defendant

also offered to prove that in the proceeding to foreclose the mortgage against Booker the amount due to himself individually was conceded, while the $400 due to the plaintiff, which had been included in the mortgage, was contested, and that the verdict was only for the amount loaned to Booker by himself, with interest thereon; the purpose of this testimony being to show that the defendant had not, as a matter of fact, collected any part of its debt included in the mortgage taken in the name of Bass. He excepts to the refusal to allow him to introduce such testimony.

1.  We think that the plaintiff's petition sufficiently set out a case for money had and received, and that the amendments were properly allowed as merely amplifying the cause of action originally imperfectly indicated by the plaintiff's petition. There is, therefore, no merit in the exceptions taken pendente lite; and in view of the amendment the court did not err in overruling the demurrer.

2.  We think, however, that the court erred in declining to allow the defendant to show that all that he had ever collected was the $900 due to himself. Construing the action, as we have, as properly brought for money had and received, the plaintiff made a prima facie case, by the evidence adduced in its behalf to show that the defendant had collected a mortgage in which its claim was included or a portion thereof. In this state of the case, however, it was clearly the right of the defendant to show, if he could, that the money collected upon the mortgage was his own, instead of the money of the plaintiff. Such testimony as was offered by the defendant is not irrelevant. The plaintiff alleged, and necessarily had to prove, that Bass had collected its $400 and held it for its use and benefit. If the defendant showed that he had not in fact collected the plaintiff's money, the plaintiff could not recover as for money had and received, though Bass might be liable to it under some other form of action. It is true, as insisted by counsel for the defendant in error, that where one commingles his goods with those of another he is liable to account therefor. It may be that Bass, by taking the mortgage in his own name for the account due the West Point Grocery Company by Moore and Booker, became individually liable to pay this account; but recovery upon this cause of action could not be had by a suit for money had and received. The mortgage was to secure $900 due

the defendant, loaned Booker by Bass individually, together with··
the $400 due the plaintiff.   The defendant offered to prove that
he foreclosed the mortgage for the full $1,300, and endeavored to ·
collect the $400 for the plaintiff, as well as the $900 due him-
self.   It was admitted that the amount for which the mortgage
was adjudged to proceed was limited to $900 principal.   Defend-
ant offered to prove that on the trial of this mortgage case it was
conceded by the party contesting the mortgage, and by the mort-
gagor, that the $900 was just, due to Bass, and unpaid.   The
$400 was hotly contested.   There was no issue and no contest as to ·
the $900.   There was a denial and contest as to the $400.   The
jury found $900 due under the mortgage.   No logical or sensible
conclusion can be reached but that this verdict granted this $900 ·
which was conceded, and found against the $400 which was con-
tested.   Any other conclusion would mean that the ·jury cut off
part of· the $900 which was conceded.   The verdict being only
for $900, if the jury allowed anything on the $400 claim,
they cut that much off of the $900 admittedly due.   This would
be absurd.   Defendant offered to prove these facts, so as to
show that in collecting the amount of the verdict and judg-
ment, $900, he was only collecting the amount due himself indi-
vidually, the amount which all parties had conceded was his, and
had collected nothing due the plaintiff, because the jury had de-
cided against the plaintiff's claim.   As insisted by counsel, it
would be unjust to require the defendant to take a part of the
money admittedly his and pay it to the plaintiff on a claim which
the jury had repudiated.

The objection that it is not competent to introduce testimony to
explain a verdict or judgment is not well taken.   To construe a
verdict in the light of evidence is not to attack it directly or col-··
laterally.   It is possible, as we see it, to show of what the items
for which the judgment was rendered consisted, and at the same
time maintain the judgment as valid and binding.   The case in
which the verdict for $900 was rendered was a claim case.   No·
pleadings being required in such cases, there is no way of ascer-
taining the issues, except by the evidence submitted or admissions·
made during the trial.   Viewing this case as one for money had
and received, the plaintiff should recover whatever amount the
defendant actually received in its behalf and for its benefit; but

it should not have judgment for more than this. To rebut the plaintiff's prima facie case the defendant should be permitted to prove that he had received none of the money which was due to the plaintiff by Moore and Booker. Upon this subject, see *McLendon* v. *Finch,* 2 *Ga. App.* 421 (58 S. E. 690), and citations. The inquiry into the basis of the judgment in the claim case is not for the purpose of attacking the judgment, but for the purpose of showing of what that basis consists.

*Judgment reversed. Hill, C. J., disqualified.*