### 15040. Lowery v. Rowland Company.

Jenkins, P. J. 1. "Where property is bought under the implied warranty that it is reasonably suited to the uses intended, an acceptance by the purchaser of the property waives all defects which might have been discovered by the exercise of ordinary care and prudence before delivery. In case of an express warranty that the property sold will be of a particular kind and quality, the purchaser has a right to rely on the warranty, and may plead partial failure of consideration growing out of defects discovered after acceptance, even though they would have become apparent upon an examination before delivery." *Moultrie Repair Co.* v. *Hill,* 120 *Ga.* 730 (2) (48 S. E. 143); *Pound* v. *Williams,* 119 *Ga.* 904 (47 S. E. 218); *Springer* v. *Indianapolis Brewing Co.,* 126 *Ga.* 321 (4) (55 S. E. 53); *North Ga. Milling Co.* v. *Henderson Elevator Co.,* 130 *Ga.* 113 (60 S. E. 258, 24 L. R. A. (N. S.) 235); *Mansor* v. *Zemurray,* 22 *Ga. App.* 441 (96 S. E. 233); *Snellgrove* v. *Dingelhoef,* 25 *Ga. App.* 334 (103 S. E. 418).

2. In a suit for a balance due for specified articles sold and delivered, where the defendant sets up a plea of recoupment, by which he seeks to recover back a portion of the purchase price of other goods already paid for, on the theory that the particular items sued for and the particular previous items already paid for were furnished under an entire contract embracing an express warranty, and where it appears that, after the purchaser had acquired full knowledge of the defects complained of, he nevertheless proceeded specifically to pay off and discharge in full every item of the particular indebtedness now in dispute, despite the alleged previous promise of the vendor to adjust the price of such articles in proportion as any defects might exist therein, such acts and conduct on the part of the purchaser amount to a waiver of the alleged

defects, such as would defeat his plea of recoupment.  *Tuttle* v. *Stovall*, 134 *Ga.* 325 (67 S. E. 806) ; *Madison Supply Co.* v. *Brown Carriage Co.*, 137 *Ga.* 195 (73 S. E. 344).  The judge did not err in directing a verdict against the defendant on his plea of recoupment and in favor of the plaintiff for the amount of the particular subsequent items for which defendant admitted liability.

*Judgment affirmed.  Stephens and Bell, JJ., concur.*

DECIDED APRIL 19, 1924.

Complaint; from Murray superior court—Judge Tarver.  August 18, 1923.

*C. N. King, Maddox, McCamy & McFarland,* for plaintiff in error.  *R. Noel Steed, W. E. & Gordon Mann,* contra.