## 32538.  OTWELL MOTOR COMPANY *v.* HILL.

Decided July 15, 1949.

*Sosebee & Boling,* for plaintiff in error.

*D. B. Phillips, J. P. Fowler,* contra.

Sutton, C. J.   J. W. Hill sued Otwell Motor Company on a due bill or credit memorandum for $200, in the Justice's Court, 879th District G. M., Forsyth County, and being dissatisfied with the judgment, appealed to Forsyth Superior Court.   The due bill or credit memorandum is dated July 7, 1947, and recites that there is due J. W. Hill $200, to be applied on the purchase of a new 1947 Ford 1-1/2 or 2-ton truck.   The defendant, by way of an amended plea in the superior court, alleged, in substance: that the defendant agreed with the plaintiff that, if the plaintiff would repair and stop the roofs on certain buildings from leaking and furnish material and labor and put a roof on a new garage building, the defendant would pay the plaintiff $800, provided said roofing was installed in good condition and so as to prevent leaks for ten years; that the defendant paid the plaintiff $600 in money and gave him the due bill sued on; that the plaintiff had failed to repair and install said roofs as agreed; that the roof on the garage building leaks and will have to be replaced; and that the cost of converting said roofs into serviceable roofs complying with the plaintiff's guarantee will be $354.10, which, less the amount of the due bill, $200, leaves a balance of $154.10. The defendant prayed for a judgment for this difference.

On the trial, the defendant admitted the execution of the due bill and that the plaintiff was the legal holder thereof, and assumed the burden of proof.   From the testimony of Roy P. Otwell it appears: that the plaintiff had made some repairs on the roofs of certain buildings for the defendant prior to July 7, 1947, which had not been satisfactory, and Otwell had tried to get the plaintiff to come and fix these roofs, but he had not done

so; that the plaintiff came to him voluntarily and solicited the job of completing the roof on a new garage building, the roof having been started by someone else; that, after some discussion, the plaintiff agreed to make the necessary repairs on the other roofs and to complete the job on the garage, giving a ten-year guaranty on the garage roof, all for $800; that the plaintiff was paid $600 under this contract and was given the due bill for $200, the plaintiff having stated that he wanted a new truck; that the roof on the new garage leaked the first time it rained after July 7, 1947; that he notified the plaintiff about this, and the plaintiff agreed to come back and fix the roof, but never did; that he had paid $69.10 for repairs to the roof, and a roofing man had estimated that it would cost $285 to finish the job Hill had agreed to do in July, 1947. Guy Shewmake testified that he was a repair man, that he was familiar with the garage roof, and that it would cost $285 additional to repair the roof. Otwell and Shewmake both testified in regard to the installation of some vents in the roof after the plaintiff had worked on it. Avon Hughes testified that he had put the vents in the roof, and it did not leak around the vents at all; that when he had installed the vents it had been necessary to walk across the roof, but that walking over the roof a few times would not make it crack; and that he had inspected the roof, and it would cost around $350 to repair it. He gave details as to the cost of materials and labor used in arriving at this estimate. The plaintiff, J. W. Hill, testified that the agreement was to put a new roof on the garage building, and nothing else; that Otwell agreed to pay him $750 cash, or $800 if he would buy a truck; that Otwell paid him $600 and gave him the credit memorandum for $200; that at the time the memorandum was signed no mention was made that the roof was not satisfactory; and that he gave a five-year guaranty on the repair work and a ten-year guaranty on the new work. The plaintiff identified a letter dated September 8, 1947, sent to him by Otwell, in which he was informed that the garage roof was leaking. The defendant later introduced this letter in evidence, without objection. The plaintiff testified that he had never been back and inspected the roof to see whether it was leaking or not, but that if someone had been walking around on the roof, he was not responsible for that. Roy Hancock testified that he helped Hill

install the roof, and that Otwell went upon an adjoining building and examined the roof and said it was a good job and that he was well satisfied. The plaintiff introduced the due bill in evidence, without objection.

The jury returned a verdict for the plaintiff for $200 and judgment was rendered accordingly; the defendant's motion for a new trial was overruled, and the defendant excepted.

■ In special ground 1 of the motion, error is assigned on the charge of the court as follows: "Now the plaintiff denies that the consideration of the due bill was as is contended by the defendant, or that he has failed to comply with any contract that he had with the defendant. He contends that he fully performed his contract with the defendant and that the amount called for by the due bill is due him at this time." This excerpt is merely a statement of the contentions of the plaintiff, without any suggestion or intimation by the court as to whether or not there was any evidence to sustain these contentions; and the contention of the plaintiff in error that this excerpt from the charge was an expression of fact or opinion by the court as to a fact proved by the plaintiff which was not in fact proved is without merit. No harmful error is shown by this ground.

■ In special ground 2 of the motion, error is assigned on instructions given by the judge when the jury returned to the courtroom, after having deliberated for some time. The colloquy which took place is as follows: "The Court: Have you gentlemen agreed upon a verdict? Juror: We have not. We wanted some information, some further instructions. The Court: All right, what is your question? Juror: We want to know if this settlement will affect all contracts between Mr. Otwell and Mr. Hill; can Mr. Otwell come back and sue on this ten-year contract on this roof in this case? The Court: That is not a question that is here involved. It would depend on what happens in the future about the roof. Juror: We are not agreed then. The Court: All right; all you have to settle is the issues up to now. You may go back to your room." The plaintiff in error contends that it is manifest that the jury was seeking to adjust the differences between the parties, and that, in view of the judge's instructions, the jurors were led into believing that they could find for Hill on the due bill, and that Otwell could sue later to

recover from Hill for damages for breach of contract; but that actually the issues made in the present action would bar a subsequent action.

"Recoupment may be pleaded in all actions ex contractu, where from any reason the plaintiff under the same contract is in good conscience liable to defendant. In all cases where recoupment may be pleaded, if the damages of the defendant shall exceed in amount those of the plaintiff, the defendant shall recover of the plaintiff the amount of such excess." Code, § 20-1314. "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside." Code, § 110-501. Also see *Chappell* v. *F.A.D. Andrea Inc.*, 47 *Ga. App.* 816 (1, 2) (171 S. E. 582); *Riley* v. *McCauley*, 37 *Ga. App.* 228 (139 S. E. 681); *Lowery* v. *Rowland Co.*, 32 *Ga. App.* 109 (122 S. E. 627).

But the only matter put in issue by the plea of the defendant in this case was the breach of the contract in the past and the amount that it would take to put the roof on the garage building in the condition that the plaintiff had agreed to put it. It is uncontradicted that the roof on the garage building was under a ten-year guaranty; and while it may be probable that the estimated repairs to the roof, as shown by the evidence, would cause the roof to measure up to the ten-year guaranty, the defendant was not attempting and was not required to speculate on what defects might appear in the future which would cause the roof to fail to measure up to the guaranty, and it was of no concern to the jury as to what Otwell could or could not do in the future. The issues for the jury to settle were, as stated by the trial judge, those issues up to the present. See *Chappell* v. *F.A.D. Andrea Inc.*, supra, and citations. The instructions given to the jury as shown by special ground 2 were not harmful error for any reason assigned.

■ The remaining question for determination is whether or not the verdict for the plaintiff for the amount of the due bill or credit memorandum was authorized by the evidence. A prima facie case for the plaintiff was admitted by the defendant, and the defendant assumed the burden of proof to sustain his plea

of recoupment, under which he sought to recover the cost of repairing the roof over and above the amount of the due bill. From the testimony adduced for the defendant it appears that there was a failure on the part of the plaintiff to fix the roof on the garage building as he had agreed to do, irrespective of whether or not he agreed to repair the roofs of certain other buildings, and that it would cost $354.10, including expenditures already made, to put the roof in this condition. One witness testified that the cost would be $350. There is evidence to the effect that the roof was under a ten-year guaranty. The plaintiff admitted that there was a ten-year guaranty on the new roof; and a five-year guaranty on the roofing repairs. No evidence was adduced to negative the testimony for the defendant in respect to the fact that the roof on the garage had leaked the first time it rained after the roof was completed, that it had continued to leak ever since, and that it would cost $350 or $354.10 to stop these leaks and repair the roof so as to put it in the condition that the plaintiff had agreed to do. This evidence for the defendant could not be arbitrarily disregarded by the jury, and this evidence sustained the plea of the defendant to the effect that the work of the plaintiff was not in accordance with the agreement. A verdict for the plaintiff for the amount of the due bill was not authorized by the evidence, but a verdict was demanded for the defendant for damages in some amount, less the amount of the due bill.

■ The judge erred in overruling the defendant's motion for a new trial for the reasons above shown.

*Judgment reversed. Felton and Worrill, JJ., concur.*