33807.   BALDWIN *et al. v.* GEORGIA AUTOMATIC GAS CO.

DECIDED FEBRUARY 28, 1952—REHEARING DENIED MARCH 27, 1952.

774

*Currie & McGhee, Smith, Field, Doremus & Ringel,* for plaintiffs.

*John E. Simpson, Martin H. Peabody,* for defendant.

SUTTON, C. J. ■ In ground 4 of their motion for a new trial,

the plaintiffs assign error on the charge of the court: "that, when a party upon whom the burden of an issue rests, seeks to carry it, not by direct proof, but by inferences, the circumstances he places in proof must tend in some proximate degree to establish the conclusion which he claims, and for this the facts shown must not only reasonably support that conclusion but also render less probable all inconsistent conclusions. In civil cases such as this the law requires that the plaintiff must, by a preponderance of the evidence, show that the circumstances relied upon are not only consistent with the conclusion sought to be established, but are also inconsistent with every other reasonable hypothesis, and in that connection I charge you, gentlemen, that direct evidence is that which immediately points to the question at issue. Indirect or circumstantial evidence is that which only tends to establish the issue by proof of various facts sustaining by their consistency the hypothesis claimed." The movants contend that this charge was harmful and prejudicial, in that it was an intimation on the part of the court that the movants had established their case by circumstantial evidence and inferences rather than by direct testimony, and because the charge was incorrect and placed a higher burden of proof on the plaintiffs than the law requires, even in a case where only circumstantial evidence is relied upon.

The charge is substantially in the language use by Judge Powell in *Georgia Ry. &c. Co.* v. *Harris*, 1 *Ga. App.* 714, 717 (57 S. E. 1076). It was there stated that the rules of circumstantial evidence in civil and criminal trials are the same, except that "In civil cases this consistency with the one and inconsistency with the other is required to be established only by a mere preponderance; in criminal cases, to the exclusion of a reasonable doubt." The charge did not require that the plaintiff establish his contentions to the *exclusion* of every other reasonable hypothesis, nor that the circumstantial evidence be inconsistent with other reasonable theories beyond a reasonable doubt or to the point of logical demonstration, but only by a preponderance of evidence, and so did not place a higher burden of proof on the plaintiff than the law imposes in civil cases, where a contention is supported by circumstantial evidence.

While there was direct evidence of facts from which the jury

might have concluded that the defendant was negligent in the installation of the regulators and in testing them after they were installed, nevertheless the question of what caused the fire, the defendant's negligence or some other cause, was one which could be determined only by inferences from the facts directly proved. The plaintiff Baldwin himself did not know what caused the fire. The noise, "swoosh" or "puh," which the plaintiff Baldwin and his helper heard in the north end of the upstairs of the chicken house, was contended by the plaintiffs to have been made by jets of flame gushing from the burners following a sudden increase in pressure. The defendant contended that the noise was made by the rapid combustion of a mass of the liquefied petroleum vapor which was not mixed in an explosive proportion with air, and which might have come from a leak or an unlighted burner. The charge did not intimate that the plaintiffs had sought to establish their whole case by circumstantial evidence, but was applicable only to any issue thus sought to be established. There were such issues, and the charge was applicable. This ground is without merit.

■ In ground 5 of the motion, the movants contend that the trial court erred in instructing the jury on the doctrine of accident, as such an issue was not raised by the pleadings or the evidence in the trial, making the charge misleading and improper. An "accident" in its strict sense implies the absence of negligence, for which no one would be liable. *Stansfield* v. *Gardner,* 56 *Ga. App.* 634, 645 (193 S. E. 375). "A charge that if the injury resulted from an accident, and neither party was at fault, there can be no recovery, is in the nature of an elaboration or additional statement of the proposition that the defendant is not liable if it is without fault." *Savannah Electric Co.* v. *Jackson,* 132 *Ga.* 559, 563 (64 S. E. 680). In the petition, it is alleged that the plaintiffs were not negligent, and that the defendant was. The defendant denied these allegations and pleaded its own exercise of ordinary care. There was evidence to sustain a finding that neither party was at fault, and therefore the charge on accident was not error requiring the grant of a new trial. *Holliday* v. *City of Athens,* 10 *Ga. App.* 709 (5, 6) (74 S. E. 67); *Brown* v. *Mayor &c. of Athens,* 47 *Ga. App.* 820 (3) (171 S. E. 730); *Richter* v. *Atlantic Co.,* 65 *Ga. App.* 605 (4), 608 (16 S. E. 2d, 259), and citations. Ground 5 shows no error.

■ Ground 7 of the motion complains of the charge to the jury that the doctrine of res ipsa loquitur "is not applicable where there is some intervention or intermediary cause which produces or could produce the injury complained of instead of the act of the person sought to be charged," and that, if the jury "should find from the evidence that there were persons other than the agents and servants of the defendant who had access to the plaintiffs' premises and various pipes, regulators, thermostats, and so forth, comprising the system," then, in the absence of direct proof of the defendant's negligence, the jury would not be authorized to find against the defendant even though they found that a fire was caused on the premises by gas coming from the system.

Error was assigned on this charge on the ground that it misled the jury by indicating that there were persons other that the defendant's servants who had access to the gas system, when there was no evidence that any third persons had access to the system.

Ground 6 assigns error on the charge following the excerpt set out in ground 7 and as follows: "I charge you that the doctrine of res ipsa loquitur is not applicable to serve to prove the acts of negligence charged against the defendant when inferences of negligence by the defendant, the plaintiff, and a third party are equally authorized by the evidence." This was averred to be erroneous because it indicated that there were third parties whose negligence might be inferred, and because the possible inference of negligence was not restricted to the plaintiff and his servants, but included that of third parties, of which there is no evidence in the record.

The principle stated by the trial judge in these two charges is to the effect that the doctrine of res ipsa loquitur is not applicable when the premises or instrumentality causing the injury were not in the exclusive control of the defendant. Whether it was the plaintiffs, their servants, or third parties who had access to the premises is immaterial; any such facts would show that the defendant was not the only person who might have had something to do with the equipment which produced or caused the injury to the plaintiffs' property, thereby rendering the doctrine inapplicable. See *Advanced Refrigeration Inc.* v. *United Motors*

*Service Inc.*, 71 *Ga. App.* 576, 579 (31 S. E. 2d, 605), and *Spruell v. Ga. Automatic Gas &c. Co.*, 84 *Ga. App.* 657, 665 (67 S. E. 2d, 178). In the present case, while the defendant was called upon to install the regulators and to make the final connections of the system, the rest of the installation had been made by the plaintiffs themselves, and the plaintiffs undertook to have their own servant light the brooders and make the adjustments thereon about an hour or two before the fire occurred, and some time after the installation of the regulators. Under the evidence, the doctrine of res ipsa loquitur was not applicable, and the charges complained of in grounds 6 and 7 were not erroneous for any of the reasons assigned.

■ Ground 8 of the motion complains of an excerpt from the charge set out in ground 7, pertaining as a whole to res ipsa loquitur, in which the trial judge stated: "in the absence of direct proof that the defendant, through its agents and servants, failed to put in the regulators properly and failed to test or inspect the regulators after their installation, you would not be authorized to find against the defendant." This is said to have been prejudicial error because it put the burden on the movants of proving *both* that the defendant improperly installed the regulators *and* that the defendant failed to test or inspect the same properly after they were installed, when a finding of either one of such acts of negligence on the part of the defendant would have authorized the plaintiff to recover. However, the trial judge was here charging the jury primarily that the doctrine of res ipsa loquitur would not apply in the absence of such direct evidence of negligence. The court had previously charged as follows: "But the plaintiff is not required to prove *all* the allegations of negligence set forth in their petition. If they show that the defendant was negligent in *one or* more of the particulars set forth in the petition and that such negligence was the proximate cause of the plaintiffs' injury," then the plaintiff could recover. (Emphasis added.) The court also charged: "If the jury believes from the evidence that, in some one or more of the particulars alleged in the petition, the defendant was guilty of negligence which proximately caused the injury," and the plaintiff is not barred by some other rule, then the jury should find for the plaintiff. The trial judge, having thus correctly

charged on the point complained of, did not make a prejudicial error in placing the two elements of negligence mainly relied on by the plaintiffs in the conjunctive rather than in the disjunctive, in connection with his charge on the doctrine of res ipsa loquitur. Ground 8 does not require the grant of a new trial.

■ In ground 9 of the motion, error is assigned on the following charge: "Where a plaintiff relies on circumstantial evidence to prove either negligence on the part of the defendant, or that this negligence was the legal and natural cause of the plaintiffs' injuries, where the inference of negligence or proximate causation, if existing, depends on circumstantial evidence, and where there is direct testimony consistent therewith which shows that the defendant was without negligence or that the alleged acts of the defendant could not proximately cause the plaintiffs' injury, and this testimony is not subject to discredit, you should find against the plaintiff on those matters; for a fact cannot be established by circumstantial evidence which is perfectly consistent with the direct, uncontradicted, reasonable, and unimpeached testimony that the fact does not exist." It is contended that this instruction was misleading to the jury by indicating that the plaintiffs' case rested entirely on circumstantial evidence, when it was based on direct and opinion evidence, by indicating that there was direct testimony on the part of the defendant which was consistent with the plaintiffs' testimony but which showed that the defendant was without negligence, and by indicating to the jury that there was direct, uncontradicted, reasonable and unimpeached testimony that the facts established by the circumstantial evidence of the plaintiff did not exist.

The defendant (as defendant in error here) asserts in its brief that the plaintiffs could prove their case only by circumstantial evidence, at least with regard to the cause of the fire. However, there was no uncontroverted direct testimony offered by the defendant which tended to disprove the plaintiffs' theory as to the cause of the fire. The plaintiffs' direct evidence was consistent with that of the defendant in showing that the defendant's employees tested the plaintiffs' system for pressure and for leaks after the installation of the regulators; that the defendant's service man lighted one or two of the twelve brooders; that at a later date in the month, when the brooders were all lighted for

the first time, a "swooshing" noise was made in the upper story of the building; and that it then burned down. But the direct evidence of the plaintiffs was that the defendant's employees had installed the regulator backwards at first, had turned the gas into it, and then had reinstalled the regulator in the proper direction. The defendant's evidence was in direct conflict on this point. None of the defendant's uncontroverted direct evidence tended to disprove the hypothesis relied on by the plaintiff: that the defendant's negligence in installing the regulator backwards so damaged it that it failed after an hour or two of operation, allowing a sudden increase in pressure to reach such of the appliances as had not been cut off by their thermostats, namely, those on the upper floor which were lighted last. It is true that there was expert opinion evidence which tended to disprove the plaintiffs' theory, but it was likewise controverted. "The opinion of an expert witness is not conclusive upon the jury. Such testimony is intended to aid them in coming to a correct conclusion upon the subject; but the jury is not bound by such opinion, and can disregard it." *Manley* v. *State*, 166 *Ga.* 563 (19) (144 S. E. 170). Opinion testimony of expert witnesses may thus be disregarded by the jury, although reasonable, uncontradicted, and unimpeached direct testimony may not. *Lankford* v. *Holton*, 187 *Ga.* 94 (9), 102 (200 S. E. 243); *Otwell Motor Co.* v. *Hill*, 79 *Ga. App.* 686, 690 (54 S. E. 2d, 765).

Since there was no uncontroverted direct evidence offered by the defendant which disproved the plaintiffs' theory of causation, but only opinion evidence, which was controverted by that of the plaintiffs' expert witnesses, the charge was misleading to the jury and not applicable under the evidence. The charge also intimated that the defendant's theory, that the fire was not caused by the acts of its employees, was supported by direct evidence, rather than by circumstantial and opinion evidence. The charge may well have aided the jury in reaching their verdict for the defendant, and so the error in giving this charge was harmful and prejudicial. Ground 9 of the motion for a new trial shows error which requires that the judgment refusing a new trial be reversed.

■ In ground 10, the movants complain of the combination of the charges previously complained of in grounds 4 through 9,

with some additional excerpts to the effect that the plaintiff may not recover unless he proves by a preponderance of the evidence that the negligence of the defendant was the proximate cause of his injury and damage. The contentions that the charges were not applicable, and that the cumulative effect of these charges amounted to the direction of a verdict for the defendant, are without merit.

The general grounds of the motion are not passed upon, as the trial court erred in overruling the motion for a new trial for the reasons set forth in division 5 of this opinion.

*Judgment reversed. Felton and Worrill, JJ., concur.*