38689.   BROWN v. MOORE.

DECIDED JANUARY 20, 1961—REHEARING DENIED
FEBRUARY 1, 1961.

*Cubbedge Snow, Jr., Martin, Snow, Grant & Napier,* for plaintiff in error.

*Bloch, Hall, Groover & Hawkins, Ellsworth Hall, Jr.,* contra.

TOWNSEND, Presiding Judge. ■ While it may be readily admitted that the petition as first drawn was subject to demurrer in that it did not meet the requirements of the Code to fully and distinctly set forth a cause of action, nor did it have (as did *Bass v. West Point Wholesale Grocery Co.,* 5 Ga. App. 746, 62 S. E. 1004) the aid of any statement of account attached to it as an exhibit, it does not necessarily follow therefrom that there was not enough to amend by. The classic test of what is "enough to amend by" as applied in *Ellison v. Georgia R. Co.,* 87 Ga. 691 (13 S. E. 809) is recognized by the plaintiff in error, and the question becomes one of application of it to the present case. The petition meets several of the requirements without question—that is, it sufficiently alleges a plaintiff, a defendant, and jurisdiction of the court. Quantitatively it is sufficient, because the original subject matter, with the amendment added, makes a complete cause of action. Qualitatively, however, there must in the first instance be sufficient facts to differentiate the action intended to be declared upon from other possible causes of action "not with full certainty, but with fair probability." In summary (page 714): "The least amount of substance in a declaration which will serve to show that what is offered to be added rightly belongs there is enough to amend by if the addition proposed would make the cause of action complete . . . See that the newcomer would be at home in the pleading and

■

that with it admitted there would be no material absentee, and the question is settled."

The original petition alleges that the defendant is "indebted" to the plaintiff. The word "debt" means generally a specific sum which one owes to another (*Chavala Cooperative v. Hortman*, 93 Ga. App. 505 (3), 92 S. E. 2d 236) and does not embrace liability for tort (*Georgia Power Co. v. Davis*, 43 Ga. App. 791, 792, 160 S. E. 690). The amount of the indebtedness is stated as being $225 and the date from which interest is chargeable against it is stated as February 3, 1958. The case accordingly sounds in contract, on a specific indebtedness. It is true that the origin of the indebtedness is not shown and therein the petition is defective. It might have arisen, as it did, from a breach of warranty; on the other hand, it might have arisen in an open account, a loan of money, or various other ways. It is nevertheless a specific debt identified both by date and amount; the way in which the indebtedness arose is supplied by the amendment, and the two together make a completed cause of action. It was accordingly not error to admit the amendments over objection and thereafter to overrule the general demurrer to the petition.

■ The evidence amply sustained the plaintiff's contention that the automobile which he purchased had several large cracks in the motor mounts and cylinder head at that time; that he was unable even to drive it home without great difficulty, and that in the opinion of a motor mechanic it was injured too badly for repair. There was accordingly no error in overruling the motion for judgment notwithstanding the verdict and the motion for a new trial on the general grounds.

■ *Code* § 96-301 provides in part: "If there is no express covenant of warranty, the purchaser must exercise caution in detecting defects; the seller, however, in all cases (unless expressly or from the nature of the transaction excepted) warrants that . . . 2. The article sold is merchantable, and reasonably suited to the use intended." It is contended that the court's instruction as follows: "I charge you that the law of Georgia requires in the absence of an express warranty that the article sold be reasonably suited to the use intended for it" was erroneous in that it excluded from the jury's consideration the defend-

ant's contention, supported by his own evidence, that the vehicle was sold in an "as is" condition with no warranty either express or implied. Where the seller expressly refuses to warrant the article sold there can be no implied warranty. *Jones v. Love,* 67 Ga. App. 594 (4) (21 S. E. 2d 254). The court should have stated this principle of law substantially in the language of *Code* § 96-301, since under the evidence in this case the question was involved of whether implied warranties had been excluded by the sales transaction.

■ *Code* § 20-907 provides: "In some cases a party may rescind without the consent of the opposite party, for nonperformance by him of his covenants; but this can be done only when both parties can be restored to the condition in which they were before the contract was made." *Code* § 96-306 provides: "A breach of warranty, express or implied, shall not annul the sale if executed, but shall give the purchaser a right to damages . . . If the sale is executory, such breach is a good reason for the purchaser to refuse to accept possession of the goods." Where the sale is executed and there is a breach of warranty, the measure of damages is the difference between the contract price and the market price on the date of sale. *Americus Grocery Co. v. Brackett & Co.,* 119 Ga. 489 (46 S. E. 657).

"Where there is a sale of goods, with a warranty of quality, and a delivery and acceptance by the buyer and the goods prove not to correspond with the warranty and there is no fraud by the seller, the measure of damages is the difference between the price paid and the value of the goods as they actually were at the time and place of the sale and delivery." *Clark & Co. v. Neufville,* 46 Ga. 261 (1). See also *Bray & Son v. Southern Iron &c. Co.,* 28 Ga. App. 813 (1d) (113 S. E. 55); *Hutchinson Lumber Co. v. Dickerson,* 127 Ga. 328 (3) (56 S. E. 491). A difficult question is sometimes presented by the issue of whether or not the contract has been executed; if it has, then in the absence of special circumstances such as fraud, *Code* § 96-306 will not apply. *Yeomans v. Jones,* 54 Ga. App. 330 (1) (188 S. E. 62). The question of what may constitute an executory sale is thoroughly discussed in *York Ice Machinery Corp. v. Griffith,* 175 Ga. 441 (165 S. E. 209), and *Snellgrove v. Dingel-*

*hoef,* 25 Ga. App. 334 (103 S. E. 418), especially in the special concurrence in the latter case. Under these authorities, we find the sale in this case was executed by delivery to and acceptance by the plaintiff of the automobile, and delivery to and acceptance by the defendant of $225 in cash and the purchaser's note for the balance of $32.50. Nothing remained to be done by the seller, and nothing remained to be done by the purchaser except payment of the note when it should fall due. The cause of action, which was a breach of an implied warranty that the automobile was reasonably suited for the purpose intended, permits recovery of the total purchase price paid plus interest only in the event the merchandise is completely worthless. *Feagin v. Beasley,* 23 Ga. 17 (1). While we are well satisfied that there is ample evidence to this effect, there is nevertheless evidence in the record under which the jury could have found that the automobile could have been repaired and would have had some value, even in its defective condition, to a person willing to purchase and repair it. Special grounds 5, 6, 7 and 8, assign various errors on the court's charge as being on an "all or nothing" basis —that is, the instructions gave the jury no middle ground between finding in favor of the defendant and finding in favor of the plaintiff for the full amount sued for. There being evidence in the record which would have authorized the jury to find in favor of the plaintiff a lesser amount based on the true measure of damages, which was the difference between the contract price and the market price on the day of sale, this error was harmful and demands a reversal of the case. *International Harvester Co. v. Adams,* 135 Ga. 104 (6) (68 S. E. 1093).

The trial court erred in overruling the motion for a new trial.

*Judgment reversed. Carlisle, Frankum and Jordan, JJ., concur.*